**UNITED STATES of America,
Plaintiff—Appellee,**

**v.**

**Aaron Elliott HAYES, Defendant—
Appellant.**

No. 07–30380.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 8, 2008.

Filed June 27, 2008.

Gregory A. Gruber, Esq., Office of the U.S. Attorney, Tacoma, WA, Helen J. Brunner, Esq., Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Miriam F. Schwartz, Esq., Federal Public Defender's Office, Tacoma, WA, for Defendant–Appellant.

Before: THOMPSON, BEA, and M. SMITH, Circuit Judges.

## MEMORANDUM *

Aaron Elliott Hayes ("Hayes") pleaded guilty to one count of making a false statement in the acquisition of a firearm in violation of 18 U.S.C. § 922(a)(6) and 924(a)(2). The district court sentenced him to 16 months imprisonment, assessed a fine of $15,000, and imposed a three-year term of supervised release with a number of special conditions. Hayes appeals his sentence. Because the parties are familiar with the facts and procedural history we do not include them here, except as necessary to explain our disposition. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742 and we affirm in part, vacate in part and remand.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

### I. The 16–Month Prison Sentence

Hayes argues that the district court abused its discretion in imposing a sentence at the high end of the Guidelines range.[1] Hayes argues that the district court erred by presuming the Guidelines range was reasonable, failing to consider alternatives to incarceration, and having no reliable factual basis for the sentence imposed.

#### A. Whether the District Court Presumed the Guidelines Sentence was Reasonable

■ It is clear that in determining Hayes' sentence, the district court began with the Guidelines range. *Gall v. United States,* —— U.S. ——, 128 S.Ct. 586, 596, 169 L.Ed.2d 445 (2007). The district court then gave both parties the opportunity to argue for the sentence they deemed appropriate. *See id.* at 596–597. The district court then went on to consider the factors laid out in 18 U.S.C. § 3553(a). *See id.* The district court considered, and rejected, probation. *See* 18 U.S.C. § 3553(a)(3). The district court looked at the seriousness of the offense and the need to provide punishment, deterrence, and to protect the public. *See id.* § 3553(a)(2)(A–C). Finally, the court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *Id.* § 3553(a)(1).

The district court did not presume that a within-Guidelines sentence was reasonable.

#### B. Whether the District Court Failed to Consider Alternatives to Incarceration

■ The record demonstrates that the district court considered alternatives to incarceration. The district court noted at least twice during sentencing that Hayes had requested probation, and permitted lengthy argument by Hayes' counsel regarding that request. The district court, however, ultimately rejected probation in light of the totality of Hayes' circumstances. The district court did not err by that decision. *See Gall,* 128 S.Ct. at 602.

#### C. Whether the District Court Had a Reliable Factual Basis for the Sentence Imposed

■ We review a district court's evaluation of the reliability of evidence for abuse of discretion. *United States v. Ponce,* 51 F.3d 820, 828 (9th Cir.1995). The Guidelines authorize a district court to "consider information relevant to the sentencing determination 'without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy.'" *United States v. Berry,* 258 F.3d 971, 976 (9th Cir.2001) (quoting U.S.S.G. § 6A1.3(a)). In determining Hayes' sentence, the record reflects that the district court relied only on undisputed information which had the requisite minimal indicia of reliability. *Berry,* 258 F.3d at 976.

### II. Special Conditions of Supervised Release

Hayes argues that the district court erred in imposing a number of the special conditions of supervised release because, Hayes contends, the conditions are unrelated to the offense of conviction and not

---

1. We review Hayes' within-Guidelines sentence for reasonableness. *United States v. Cherer,* 513 F.3d 1150, 1159 (9th Cir.2008). While courts are permitted to presume a within-Guidelines sentence reasonable, *Rita v. United States,* 551 U.S. ——, 127 S.Ct. 2456, 2462, 168 L.Ed.2d 203 (2007), we have declined to do so. *United States v. Carty,* 520 F.3d 984, 988 (9th Cir.2008).

based on reliable information.[2]

### A. Drug and/or Alcohol Related Condition

The district court did not abuse its discretion by imposing a drug testing condition during Hayes' supervised release because the supervised release statute requires urinalysis for drugs as an explicit condition of supervised release. 18 U.S.C. § 3583(d).

■ With regard to the portion of the drug and/or alcohol condition which may require Hayes to submit to alcohol testing, we conclude the district court abused its discretion. Hayes has no history of substance abuse and alcohol played no part in his crime or in any of the alleged incidents involving his family or former wives. Accordingly, "we think it impossible to say that the condition imposed bears a reasonable relationship to rehabilitating the offender, protecting the public, or providing adequate deterrence." *United States v. Betts,* 511 F.3d 872, 878–879 (9th Cir.2007) (vacating a special condition prohibiting alcohol consumption where there was no history of substance abuse and where such abuse played no part in the crime).[3] *Compare with United States v. Carter,* 159 F.3d 397, 401 (9th Cir.1998) (affirming a prohibition on alcohol consumption where, though there was no history of alcohol abuse, there was evidence that the defendant had attempted suicide by overdosing on migraine medications and suffered from severe migraines and anxiety attacks) and *United States v. Sales,* 476 F.3d 732, 735–736 (9th Cir.2007) (affirming a prohibition on alcohol consumption where, though there was no history of alcohol abuse and

alcohol played no part in the defendant's crime, there was evidence that the defendant had a history of depression and of abusing other substances, for which he required outpatient treatment). The portion of the condition allowing for alcohol testing is vacated.

### B. Domestic Violence Related Condition

The district court ordered Hayes to participate in a mental health program, including a domestic violence evaluation, and ordered that he "follow any recommended course of treatment."

■ Considering the undisputed evidence before the district court, (*i.e.,* three protective orders against Hayes and his having kicked-in a hotel room door), it is clear that the district court properly concluded that this condition was reasonably related to protecting the public and providing Hayes with needed "medical care, or other correctional treatment...." 18 U.S.C. § 3553(a)(1) and (a)(2)(C–D); *see also United States v. Bolinger,* 940 F.2d 478, 480 (9th Cir.1991).

### C. No Contact Conditions

■ Hayes objects to the conditions which prohibit him from having contact with various members of his family. The record reflects that the no contact conditions were requested by Hayes' family, and the district court reasonably determined that such conditions were necessary to protect those family members. *See* 18 U.S.C. § 3583(d)(1). If, in the future, Hayes' family members desire to have contact with him, they can request a modifica-

---

2. The district court's imposition of conditions of supervised release is reviewed for abuse of discretion. *United States v. T.M.,* 330 F.3d 1235, 1240 n. 2 (9th Cir.2003).

3. While it is true that Hayes is not prohibited from drinking alcohol, the fact that he may be tested for it at any time during the period of supervised release (not to exceed eight times per month) effectively impedes consumption.

tion of the conditions. *See id.* § 3583(e)(2).

### D. *Computer–Related Conditions*

Hayes objects to the numerous computer-related conditions because, he argues, he did not use a computer in the commission of any crime or alleged crime.

■ The "computer-related" conditions, however, are not all limited to monitoring of Hayes' personal computer. Indeed, condition 18 states: "Monitoring may include the retrieval and copying of all data from [Hayes'] personal computer or *other electronic devices or media.*" (emphasis added). Hayes' cellular phone would qualify as an "other electronic device." In light of Hayes' past—threatening former wives using text messages—condition 18 is reasonably related to Hayes' "history and characteristics" (18 U.S.C. § 3553(a)(1)) and is also reasonably related to protecting Hayes' ex-wives (18 U.S.C. § 3553(a)(2)(C)) and, therefore, is affirmed.

■ The other computer-related conditions at issue, pertaining to Hayes' personal computer use, do not impose a greater deprivation of Hayes' liberty than reasonably necessary to afford adequate deterrence and to protect the public. *See id.* § 3553(a)(2)(B)(C). First, as the sentencing recommendation stated: "[C]omputers offer anonymity and a convenient means of continued harassment." In light of this information in the record, and given Hayes history of threats and volatile behavior, the district court could have reasonably concluded that allowing Hayes' probation officer to inspect and monitor Hayes' personal computer—which, in turn, may deter Hayes' from utilizing another viable means of sending threats to his family—was reasonably necessary to achieve deterrence or public protection.

Accordingly, the computer related conditions are affirmed.

### E. *Fine*

In light of the fact that the district court, through no fault of Hayes, did not have Hayes' financial information at the time of sentencing, the $15,000 fine is vacated. *See United States v. Sager*, 227 F.3d 1138, 1148 (9th Cir.2000). On remand, in imposing any fine on Hayes, the district court shall consider the financial information that Hayes submitted and make clear on the record that it has done so. *Id.*

### F. *Other Financial Conditions*

To the extent that special conditions pertaining to financial matters are aimed at preventing tax fraud, such conditions are appropriate and they are affirmed. Crime prevention is a legitimate justification for imposing special conditions of supervised release, so long as such conditions involve no greater deprivation of liberty than is reasonably necessary to prevent recidivism, protect the public, or promote any form of rehabilitation. 18 U.S.C. § 3583(d)(2). Further, in light of the tax information in the record, the financial conditions relative to those matters are reasonably related to Hayes' "history and characteristics." 18 U.S.C. § 3553(a)(1).

To the extent, however, that any of these conditions are aimed only at ensuring collection of the $15,000 fine, they are vacated. The district court, however, may reinstate any fine-related conditions if the court determines on remand that a fine is appropriate.

### CONCLUSION

The sentence of 16 months incarceration is affirmed. The special conditions of supervised release related to drug testing

and domestic violence, the no contact conditions, the computer-related conditions, and the conditions aimed at the prevention of tax fraud are affirmed. The condition allowing for alcohol testing, the fine, and any fine-related conditions are vacated. The case is remanded for reconsideration of the fine, and any financial conditions that may be appropriate thereto, in light of Hayes' financial information.

**AFFIRMED** in part; **VACATED** in part; and **REMANDED.**