**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10142 |
| Plaintiff - Appellee, | D.C. No. 2:13-cr-01026-GMS-1 |
| v. | |
| ALLEN RODERICK MANUEL, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Argued and Submitted April 16, 2015
San Francisco, California

Before: SCHROEDER and N.R. SMITH, Circuit Judges and RESTANI,** Judge.

Defendant-Appellant Allen Roderick Manuel appeals his conviction for

being a felon in possession of ammunition under 18 U.S.C. § 924(a)(2).  He

contends the district court erred in denying his motion to suppress because the

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*     The Honorable Jane A. Restani, Judge for the U.S. Court of
International Trade, sitting by designation.

officers lacked probable cause to arrest him. In addition, Manuel argues the district court erred at trial by excluding certain out-of-court statements as hearsay. Finally, he seeks to vacate the portion of his sentence imposing a special condition on his supervised release.

The officers had probable cause to arrest Manuel. Officers found an open and cold bottle of alcohol under the front passenger seat of the truck where he was sitting, and he had easy access to the bottle. This provided a "fair probability" that Manuel was in possession of an open container of alcohol in violation of a local ordinance. *See Illinois v. Gates*, 462 U.S. 213, 230–33, 238 (1983). The district court therefore did not err in denying the motion to suppress.

At trial, the district court rejected as hearsay the out-of-court statement of the backseat passenger, claiming ownership of the gun found in the truck. Manuel argues the statement should have been admitted for reasons other than for its truth, but any error was harmless. *See* Fed. R. Evid. 801(c); *United States v. Moran*, 493 F.3d 1002, 1013–14 (9th Cir. 2007). There is little likelihood the statement could have affected the jury's determination that Manuel was in possession of the ammunition in his pocket. *See Moran*, 493 F.3d at 1014.

With respect to sentencing, Manuel contends the district court violated Fed. R. Crim. P. 32 when it imposed a computer search condition on his supervised

2

release without actually deciding whether he was a gang member.  The district court did not base the special condition on Manuel being a gang member, however. The district court based the condition on the fact that records from both the Arizona Department of Corrections and the Central Arizona Detention Center indicated gang affiliations or associations.  Because the district court did not base the special search condition on the basis of gang membership, there was no violation of Rule 32.

**AFFIRMED**.