KOZINSKI, Circuit Judge,
dissenting in part:
Persons on supervised release may have diminished expectations of privacy, but they have privacy rights nonetheless. Moreover, Congress has instructed us to adopt conditions of supervised release that impose “no greater deprivation of liberty than is reasonably necessary” to achieve the goals of supervised release. 18 U.S.C. § 3583(d)(2). The majority today disregards this command by allowing probation officers to search defendant’s computer at any time, for any reason or no reason, even though defendant did not use a computer to carry out his crime, and (so far as we know) did not even own a computer when he committed the offense.
The majority’s rationale, that defendant’s crime could be committed with the help of a computer, is no limitation at all. Pretty much any federal crime can be *1021 committed by using a computer in some way — to maintain records, to case the premises using Google Street View or to track down accomplices, methods and supplies necessary for committing the crime. If a hypothesis about how the crime might have been committed is a sufficient justification for imposing a supervised release condition, then any condition can be justified by supposing that the crime could be committed in a way that’s different from the method employed by the defendant. I cannot subscribe to such a broad and amorphous standard.
The Supreme Court recently reminded us of the massive intrusion into personal privacy that occurs when police rifle through the contents of a smartphone, which the Court characterized as a “minicomputer[ ].” Riley v. California, — U.S. -, 134 S.Ct. 2473, 2489, 189 L.Ed.2d 430 (2014). The Court criticized electronics searches for allowing police to reconstruct “[tjhe sum of an individual’s private life.” Id. The search of all of defendant’s computers — desktops, laptops, smartphones— would certainly do no less. Such an intrusion must be based on a substantial justification, which is why none of our published opinions approve an electronics search condition where the crime itself doesn’t involve the use of a computer. And after Riley, other courts have invalidated expansive electronics search conditions that lack a nexus to the defendant’s crime. See, e.g., In re Roman P., No. A143468, 2015 WL 6604609, at *2-3 (Cal.Ct.App. Oct. 30, 2015); In re Erica R., 240 Cal.App.4th 907, 192 Cal.Rptr.3d 919, 922-23 (2015).
The majority cites two cases for the contrary proposition, but this reliance is misplaced. Betts merely refers to searches of the defendant’s “person and property,” which the majority “presumes” includes computers. See United States v. Betts, 511 F.3d 872, 876 (9th Cir.2007); Maj. Op. at 1018. But computers were not mentioned in Betts, so that case provides no support for today’s ruling. And Sales cuts entirely against the majority. There we vacated a supervised release condition requiring the defendant to obtain approval from a probation officer before accessing the web, because his crime “in no way involved or relied upon the internet.” United States v. Sales, 476 F.3d 732, 736 (9th Cir.2007). Using the rationale of today’s opinion, Sales would have come out the other way because the defendant there could have used the internet to commit his counterfeiting crime and might do so next time. Betts and Sales are in conflict.
The majority also cites two unpublished cases to support its decision. Maj. Op. at 1019-20. But our rules clearly state that unpublished dispositions aren’t authority. Ninth Cir. Rule 36-3(a). And for good reason: They generally aren’t worded carefully enough to govern future cases, nor are they exposed to the type of en banc scrutiny to which published opinions are subjected. See Hart v. Massanari, 266 F.3d 1155, 1178-79 (9th Cir.2001). In any event, the memdispos don’t help the majority. In United States v. Manuel, the defendant challenged .his computer search condition because it was imposed based on the incorrect assumption that he was a gang member — not because he didn’t use electronics in committing his crime. 601 Fed.Appx. 585 (9th Cir.2015). And the Hayes defendant used a cell phone to send threatening messages, so the electronic search condition was reasonably related to his previous offenses. United States v. Hayes, 283 Fed.Appx. 589 (9th Cir.2008). The majority is grasping at straws.
Bare obtained firearms through a small-scale pawn operation he ran out of his home on the Whippoorwill Navajo reservation. So informal was his enterprise that FBI agents didn’t find a single electronic *1022 device that was used in connection with the business at his house. They discovered only a paper ledger with names and figures. As there’s no evidence linking Bare’s business to electronics, searching his computers is an unjustifiable intrusion into his privacy and that of his family. Because the majority’s new rule breaks with our precedents and doesn’t advance the goals of supervised release, I respectfully dissent from the portion of the opinion approving this supervised release condition.