**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Monty R. HARMON, Defendant–Appellant.**

No. 98CA0768.

Colorado Court of Appeals, Div. III.

March 2, 2000.

Rehearing Denied May 4, 2000.

Ken Salazar, Attorney General, Barbara McDonnell, Chief Deputy Attorney General, Michael E. McLachlan, Solicitor General, John D. Seidel, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Philip W. Ogden, Colorado Springs, Colorado, for Defendant–Appellant.

Opinion by Judge TAUBMAN.

Defendant, Monty R. Harmon, appeals the trial court's revocation of his probation based on his failure to comply with the terms of his probation. We affirm in part, reverse in part, and remand for further proceedings.

On July 14, 1995, defendant pleaded guilty to sexual assault on a child by one in a position of trust. His guilty plea was conditioned on the court sentencing him to probation, the terms of which would be decided by the court. Subsequently, the court sentenced him to four years probation with the following conditions: defendant was required to (1) pay appropriate sex offender and other surcharges; (2) obey all the conditions specified by the probation department; (3) submit to a Sex Offense Specific Treatment (SOST) evaluation; (4) sign the SOST treatment contract; (5) refrain from being in the company of any children under 18 without adult supervision; and (6) be assigned to a special caseload for sex offenders.

The SOST evaluation concluded that defendant would benefit from SOST. Accordingly, the trial court ordered defendant to participate in SOST group therapy as well as continue individual therapy. The court also required defendant to provide the names of his customers to allow the probation department to ensure there were no minors present in homes where defendant was laying carpet.

On April 12, 1996, defendant filed a motion *pro se* to withdraw his guilty plea, alleging, among other things, that his probation conditions were excessive, and his rights were being violated by the doctor conducting SOST therapy and by his probation officer. On September 13, 1996, the trial court construed defendant's motion as a Crim. P. 35(c) motion alleging ineffective assistance of coun-

sel. The trial court then denied the motion, concluding that defendant's counsel was not ineffective. Defendant did not appeal this ruling.

On April 20, 1996, the probation department requested revocation of defendant's probation based on his termination from SOST therapy for failing to comply with SOST requirements.

On September 27, 1996, at the revocation hearing, defendant admitted that he had violated the terms of his probation. The trial court then revoked defendant's probation and continued his case until December 16, 1996. At the December 1996 sentencing hearing, defendant's probation officer withdrew his request for probation revocation because defendant had complied with his probation requirements in the interim.

Subsequently, on May 21, 1997, defendant filed another motion to withdraw his plea. For reasons unclear from the record, this motion was assigned to a different judge. Without ruling on defendant's motion, the second judge then recused herself because of a conflict and transferred the case to the trial judge who later revoked defendant's probation.

On October 21, 1997, defendant again requested permission to withdraw his guilty plea. The trial court denied this motion as successive based on the motion that was previously denied in September 1996.

On October 31, 1997, the probation department filed a second revocation complaint alleging that defendant had been terminated from SOST a second time because: (1) more than two years after the assault, defendant maintained that he should not have been found guilty because the victim had consented to the sexual contact and (2) defendant was considered a high risk to re-offend. The probation officer based his complaint on a letter from defendant's SOST therapist terminating defendant because he did not admit culpability for his offense and because of his belligerence toward the therapist.

At the second revocation hearing, the trial court concluded that, because defendant had been terminated from SOST group therapy, he had violated the terms of his probation,

and thus, revocation was warranted. The trial court then sentenced defendant to four years in the custody of the DOC, but suspended the sentence provided defendant successfully completed SOST treatment conducted by a different therapist. This appeal followed.

## I. Recusal

Defendant asserts the trial court judge erred in not recusing himself from the probation revocation hearing because he was biased. Defendant bases his argument on: (1) the trial judge's having informed defendant that he was required to follow the directions of his probation officer and (2) his probation officer's having advised the judge that defendant had picketed outside the courthouse to protest the alleged inappropriate conduct of the judge and other court officials. We disagree.

A judge may recuse himself or herself *sua sponte* if he or she knows of circumstances that would be grounds for disqualification. Crim. P. 21(b)(2).

Here, defendant did not present any evidence to substantiate his claim that the judge knew of circumstances that would disqualify him from presiding in this case. The only evidence defendant presented was that the judge: (1) sternly informed him that he must follow the instructions of his probation officer and (2) became aware of his picketing. These assertions are insufficient to support defendant's allegations of the judge's bias.

Defendant also asserts that the judge should have recused himself because a motion for case transfer was still pending at the time of the revocation hearing. We disagree.

The evidence in the record shows that defendant's motion for case transfer had been improperly filed with another trial court judge. That judge sent defendant a letter notifying him of the error and specifying where he should have filed the motion. Notwithstanding his receipt of this letter, defendant did not attempt to refile the motion with the proper trial court judge. There is no evidence that the presiding judge ever became aware of defendant's motion, or that defendant sought a decision on his motion

from the proper court. *See People v. Ridenour*, 878 P.2d 23 (Colo.App.1994) (if a moving party fails to seek a decision on a motion presented, that party waives the right to assert error on appeal).

Therefore, we conclude that the trial court judge was not required to recuse himself.

## II. Motion to Withdraw Plea

■ Defendant next asserts the trial court erred in denying his motion to withdraw his plea. We disagree.

A defendant in a criminal case must file a notice of appeal within 45 days after the entry of the judgment being appealed. However, upon a showing of excusable neglect, the time for filing may be extended "for a period not to exceed thirty days." C.A.R. 4(b)(1).

In addition, a court is not required to entertain successive motions by the same defendant in a criminal case for similar relief based upon the same or similar allegations as were contained in previous motions. Crim. P. 35(c)(3).

Here, defendant filed his first motion to withdraw his plea on April 12, 1996. The trial court denied this motion on September 13, 1996. On May 21, 1997, defendant filed a second motion to withdraw his plea, but that motion was not ruled upon because of the judge's recusal. On October 20, 1997, in front of a third judge, defendant raised the issue of the denial of the first motion, and again requested to withdraw his plea based on allegations similar to those contained in the first motion. The judge denied defendant's request on the basis that it was successive. Upon making this third request, defendant did not raise new grounds for granting the request.

It is unclear from defendant's briefs which denial he is appealing – the first denial in September 1996, or the third in October 1997. (The second request was not ruled on.) Therefore, we decline to review either because defendant's appeal of the first motion was untimely, and the third request was properly denied as successive.

Because defendant's first motion to withdraw his guilty plea was denied on September 13, 1996, the deadline for filing an appeal was October 28, 1996, or upon a showing of excusable neglect, no later than November 27, 1996. Defendant's notice of appeal was filed April 20, 1998, well outside the applicable time limit.

With regard to the third request, the arguments defendant made were the same as, or similar to, those he raised in the first motion, and did not allege any new grounds for withdrawal.

Thus, we conclude that defendant is not entitled to review of the first motion because his appeal was untimely, and the trial court judge properly denied defendant's third request as successive.

## III. Probation Revocation

Defendant next asserts that the trial court erred in revoking his probation. He argues that the revocation was improperly based on an invalid condition of his probation, namely, his probation officer directing his SOST therapist to limit the focus of his group therapy. We agree that the probation officer's direction to the therapist was invalid, and, if the revocation of defendant's probation was based solely on that ground, the revocation was improper. If, however, the probation revocation was based in whole or in part on other bases, as articulated below, the trial court's decision to revoke defendant's probation was not reversible error. However, because of the unique circumstances presented here, we must reverse the revocation of defendant's probation.

■ Probationary conditions serve the dual purpose of enhancing the reintegration of the offender into a responsible life style and protecting society against recidivism. *People v. Brockelman*, 933 P.2d 1315 (Colo. 1997). As a condition of probation the court may require the defendant to satisfy any condition "reasonably related to the defendant's rehabilitation and the purposes of probation." § 16–11–204(2)(a)(XV), C.R.S.1999. *See People v. Brockelman, supra* (probation conditions must have a reasonable relationship to the defendant's current offense and criminal history).

■ Whether the terms of probation have been violated is a question of fact to be determined by the trial court. *People v. Ickler*, 877 P.2d 863 (Colo.1994).

■ When a court determines whether a probationer has violated probation, two factors must be evaluated: (1) whether the probationer violated a valid condition of probation and (2) what action is appropriate in light of the violation. *People v. Ickler, supra.*

■ The trial court has broad discretion to determine whether probation should be revoked once a violation has been found. *See* § 16–11–101(1)(a), C.R.S.1999; *see also* § 16–11–202(1), C.R.S.1999. In a sex offense case, the sentencing court may revoke a defendant's probation where he or she continues to deny an element of the offense during sex offender specific treatment because such denial prevents the successful completion of treatment. *People v. Birdsong*, 958 P.2d 1124 (Colo.1998).

■ Initially, we note that the record is insufficient to determine the exact basis for defendant's termination from SOST treatment. The therapist who terminated him did not testify at the revocation hearing, and the only evidence offered regarding his reasoning was a letter, one sentence of which was read into evidence by defendant's probation officer. The letter was attached to the complaint for revocation, but was not included in the record on appeal.

Despite the lack of evidence in the record, defendant argues that the sole reason for the revocation of his probation was his refusal to follow an instruction from his probation officer to the SOST therapist directing that during SOST group therapy sessions defendant could not discuss an Indiana incident in his past involving alleged sexual and emotional abuse. This condition was not stated in writing. The most significant evidence in the record regarding the condition was the probation officer's testimony that "at [his] direction," the doctor felt that defendant's reference to the Indiana incident was not relevant to his group therapy and rehabilitation. There was no evidence that the therapist independently determined that reference to the Indiana incident in group therapy was detrimental to defendant's rehabilitation or was contrary to the purpose of his probation.

■ We conclude that because the probation officer is not a therapist or psychologist licensed to ascertain the appropriate subject matter for sex offender treatment, the condition imposed by the probation officer and later enforced by the therapist was not reasonably related to defendant's rehabilitation.

If the therapist had determined, independently of the probation officer's direction, that defendant's reference to the Indiana incident was contrary to his rehabilitation or the purposes of probation, the condition would have been proper even if the probation officer also had suggested it. However, as the record reflects, there was no evidence that the therapist ever made such a determination, and therefore, the condition was improper.

Nevertheless, based on our review of the record, independent grounds may exist to support the trial court's revocation of defendant's probation.

According to the probation officer's testimony regarding the doctor's letter, defendant was terminated because of his belligerent behavior toward the therapist and because he continued to deny culpability for the sexual assault. During his own testimony, defendant admitted that he had argued with the therapist the night the therapist decided to terminate him from the SOST program, and that this argument resulted in the therapist calling the police to intervene.

With regard to defendant's denial of his culpability, there was other evidence in the record to support the therapist's conclusion in addition to the testimony regarding the therapist's letter. Defendant submitted to several psychological examinations. The reports from these examinations show that although defendant admitted in court that he was wrong and he regretted his actions, outside of court he continued to deny responsibility for the sexual assault because he claimed that the victim had consented to the contact.

Because the record does not contain the therapist's letter and the therapist did not testify, we cannot determine whether the therapist's decision to terminate defendant from treatment was based solely on defendant's refusal to comply with the invalid instruction from his probation officer not to discuss the Indiana incident, or whether it was also based on defendant's belligerent behavior and refusal to address his culpability. Thus, even if we assume that such refusal was a basis for termination, the evidence may also support two other independent grounds for termination – defendant's belligerence toward the doctor, and defendant's denial of culpability. Termination based on these two legitimate grounds would suffice. *Cf. People v. Young*, 987 P.2d 889, 895 (Colo. App.1999) (holding that, generally, when "a sentencing court imposes a sentence in the aggravated range based upon two or more factors and at least one of those factors may legitimately be considered by the court and supports the imposition of that sentence, the fact that the court also considered an illegitimate factor will not vitiate that sentence"). Here, however, the trial court's determination regarding defendant's termination from SOST treatment was vague and only stated that the decision was based on defendant's refusal to comply with "the treatment requirement outlined by the doctor." Although there was evidence to support the alternative grounds for the trial court's decision, we cannot determine whether the court relied upon one or all three of the grounds previously discussed.

In sum, we affirm the trial court's judgment with regard to recusal and conclude that the trial court judge was not required to recuse himself. We further affirm the trial court's denial of defendant's motion to withdraw his guilty plea.

However, with regard to the revocation of defendant's probation, we reverse and remand for a new revocation hearing. Ordinarily, we would remand for further findings by the trial court. However, because the judge who revoked defendant's probation has resigned, we cannot remand for clarification of the trial court's reasons for revoking defendant's probation. Therefore, a new hear-

ing is necessary. On remand, the trial court may not revoke defendant's probation if it concludes that defendant was terminated from SOST group therapy solely because he refused to comply with the improper condition imposed by the probation officer. If, however, the court determines that the therapist terminated defendant from SOST group therapy because of his belligerence and failure to address his culpability, the probation revocation order shall be affirmed.

Judge JONES and Judge NEY concur.