UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

No. 00-4215

PETER HENSON,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CR-99-68)

Submitted: August 24, 2001

Decided: October 19, 2001

Before TRAXLER, KING, and GREGORY, Circuit Judges.

---

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

---

## COUNSEL

Aaron E. Michel, Charlotte, North Carolina, for Appellant. Mark T. Calloway, United States Attorney, Brian Lee Whisler, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Peter Henson pled guilty to receiving or distributing over 100 pictures of children engaged in sexually explicit conduct that had been transported in interstate commerce, 18 U.S.C.A. § 2252(a)(2) (West 2000), and was sentenced to a term of eighty-four months imprisonment. He contests his sentence, alleging (1) that the district court erred in finding that emails evidencing prior distributions of child pornography were properly included as relevant conduct constituting a five-level enhancement under *U.S. Sentencing Guidelines Manual* § 2G2.2(b)(2) (1998);* (2) that the district court erred in making a two-level enhancement under USSG § 2G2.2(b)(5) for use of a computer to transmit child pornography based on Henson's emails; and (3) that the district court abused its discretion by imposing overly restrictive special conditions of supervised release. We affirm the district court's order imposing special conditions of supervised release, but vacate the sentence of imprisonment and remand for resentencing without the contested enhancements.

I.

In May 1997, Morgan Marks was arrested in Texas for promoting child pornography through the Internet. Peter Henson was identified as one of his customers. Undercover officers working with the U.S. Postal Inspection Service offered Marks' customers a CD-ROM disk containing child pornography. In April 1999, Henson ordered the CD-ROM disk through the mail, and a controlled mail delivery of the disk to Henson was made on July 22, 1999. Immediately afterward, a search warrant was executed at Henson's residence. Henson turned

---

*At sentencing Henson maintained that a five-level enhancement under USSG § 2G2.2(b)(2) required the distribution of child pornography for pecuniary gain. Henson, however, abandoned this position on appeal. Nonetheless, this Court's decision in *United States v. Williams* precludes such an argument. 253 F.3d 789, 793 (4th Cir. 2001) (concluding that a sentencing enhancement for distribution, as used in § 2G2.2, applies to disseminations other than those made solely for pecuniary gain).

over to investigators another disk he had previously ordered from Marks containing child pornography.

Henson's computer was examined, and deleted emails were discovered, some with images attached, which revealed that Henson had solicited, received, and distributed child pornography through the Internet. The email messages indicated that Henson had been bartering child pornography rather than selling it. Henson also possessed several Polaroid pictures of nude children under twelve in sexual positions. He admitted taking some of the pictures.

Henson pled guilty to receiving over 100 pictures involving the use of minors engaged in sexually explicit conduct between April 30, 1997, and July 22, 1999, in violation of 18 U.S.C.A. § 2252(a)(2). This charge involved the CD-ROM disk Henson ordered through the mail during the investigation. He was not charged with offenses arising from the use of his computer to receive and distribute child pornography, or to receive the notice or advertisement of child pornography.

The guideline applicable to Henson's offense was USSG § 2G2.2. The probation officer recommended, among other enhancements, a five-level increase under § 2G2.2(b)(2), for an offense involving distribution, and a two-level increase under § 2G2.2(b)(5), for use of a computer in the transmission of the material. Henson objected to the enhancement under § 2G2.2(b)(2), arguing that the emails were not relevant conduct because his offense of conviction did not include distribution. He asserted that the emails could not be considered relevant conduct under USSG § 1B1.3(a)(2), i.e., conduct that was part of the same course of conduct as his offense of conviction, because his offense was not one that could be grouped under USSG § 3D1.2(d). He objected on the same ground to the recommended enhancement under § 2G2.2(b)(5) for use of a computer to transmit the material or a notice or advertisement of the material.

At the sentencing hearing, the district court summarily overruled his objections. The court specifically found that the enhancement under § 2G2.2(b)(2) did not require distribution for pecuniary gain. The court imposed a sentence of eighty-four months imprisonment

and five years supervised release. The court imposed the following special conditions of supervised release:

> Defendant shall have no unsupervised contact with children under the age of 18 or with any victim in this case, as revealed in photographs. Defendant shall participate in mental health and sex offender treatment programs as directed by the probation officer, which may include physiological and psychological testing to determine the defendant's sexual orientation and patterns of sexual arousal and shall include a psychiatric program. Defendant shall participate in a psychiatric treatment program as directed by the probation officer and shall take any and all prescribed medications as directed by the treatment provider. Defendant shall abstain from the use of alcohol or illegal drugs. Defendant shall work at a job which must be pre-approved by the probation officer. Defendant shall not possess any pornography or sexually explicit material. Defendant must comply with any state or local offender registration laws. Defendant shall not possess or use any computer which has the capacity to be connected to any network. Standard condition 17, which includes search procedures, shall include search of computer hard drives, computer disks and any other computer files the defendant may possess.

Henson's attorney objected "to any condition that would restrict his First Amendment rights as far as restrictions on materials that would not constitute contraband . . . and . . . any condition that would require him to waive his constitutional right to remain silent as far as providing sexual history." The district court overruled the objection without comment.

## II.

The district court's legal determinations concerning guideline application are reviewed de novo. *United States v. Blake*, 81 F.3d 498, 503 (4th Cir. 1996). Henson contends first that the emails he distributed were not relevant conduct because his offense of conviction is not one that must be grouped under USSG § 3D1.2(d) when there are multiple counts, and thus his relevant conduct does not include acts

he committed that were part of the same course of conduct or common scheme or plan as the offense of conviction. We agree.

For offenses in which the offense level is not determined by aggregate harm, relevant conduct includes those acts that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense. USSG § 1B1.3(a)(1)(A). On the other hand, for offenses in which aggregate harm determines the offense level (and which must be grouped under USSG § 3D1.2(d) in the case of multiple counts), relevant conduct includes "all acts and omissions described in subdivisions (1)(A) and (1)(B) above that were part of the same course of conduct or common scheme or plan as the offense of conviction." USSG § 1B1.3(a)(2).

Henson's offense of conviction was not one which must be grouped under USSG § 3D1.2(d) because under USSG § 2G2.2, the offense level is not determined on the basis of quantity or other measure of aggregate harm. Consequently, child pornography that Henson received or delivered, apart from the CD-ROM delivered by the agents on July 22, 1999, could not be considered relevant conduct simply because Henson received or distributed it as part of the same course of conduct. Therefore, the district court erred in making the enhancement under § 2G2.2(b)(2).

For the same reasons, the two-level enhancement under § 2G2.2(b)(5) for use of a computer to transmit the material or a notice or advertisement of the material was error because the offense of conviction did not involve use of a computer, even though Henson used a computer to obtain child pornography on other occasions.

Henson also argues that there is a conflict between § 1B1.3(a)(2) and § 2G2.2(b)(2) and that the latter should prevail over the former, citing *United States v. Cook*, 181 F.3d 1232, 1235 (11th Cir. 1999) (holding that reasonable foreseeability provision of § 1B1.3(a)(1)(B) does not apply to § 3C1.2 adjustment for reckless endangerment). We find no conflict between § 1B1.3(a)(2) and § 2G2.2(b)(2). An offense covered by § 2G2.2 simply does not fall under § 1B1.3(a)(2) because it is not an offense "of a character for which § 3D1.2(d) would require grouping of multiple counts. . . ." USSG § 1B1.3(a)(2).

### III.

Henson claims that the court impermissibly restricted his First Amendment right to possess materials that are not contraband, and that the condition that he comply with state or local sex offender registration laws restricts his Fifth Amendment right to remain silent because such a program would likely require him to provide his sexual history, self-report any violations of law, and take polygraph tests.

The sentencing court may impose "any . . . condition [of supervised release] that it considers to be appropriate," 18 U.S.C.A. § 3583(d)(1)-(3) (West 2000 & Supp. 2001), as long as any special condition is:

> (1) . . . reasonably related to the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D);

> (2) involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in section 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D); and

> (3) is consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a).

The purposes mentioned in § 3583(d)(2), and set out in 18 U.S.C.A. § 3553(a)(2) (West 2000), are "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C.A. § 3553(a)(2); *see United States v. Bee*, 162 F.3d 1232, 1235 (9th Cir. 1998). The district court's decision to impose special conditions of supervised release is reviewed for abuse of discretion. *United States v. Crandon*, 173 F.3d 122, 127 (3d Cir.), *cert. denied*, 528 U.S. 855 (1999).

A special condition of supervised release may restrict fundamental rights when the special condition "is narrowly tailored and is directly

related to deterring [the defendant] and protecting the public." *Id.* at 128. Restrictions affecting constitutional rights "'are valid if directly related to advancing the individual's rehabilitation and to protecting the public from recidivism.'" *Id.* (quoting *United States v. Ritter*, 118 F.3d 502, 504 (6th Cir. 1997)).

In light of Henson's conviction for receiving more than 100 images of child pornography and his prior conviction for taking indecent liberties with a minor, we find that the restriction on his possession of any sexually explicit material was not overly broad and was sufficiently related to the goals of rehabilitating Henson and protecting the public.

Henson also maintains that participation in a treatment program that requires him to provide a sexual history would require him to confess to uncharged crimes and violate his Fifth Amendment right against self-incrimination, and suggests that his supervised release might be revoked for "bad thoughts." However, under USSG § 5D1.3(d)(5), p.s., the district court may impose a special condition that requires the defendant to "participate in a mental health program approved by the United States Probation Office." Such programs are directed toward helping a defendant overcome any sexual deviance and assessing the threat he might pose to society, rather than to collecting information that could be used to incriminate him. *See Walrath v. United States*, 830 F. Supp. 444, 446-47 (N.D. Ill. 1993).

We therefore affirm the special conditions of supervised release imposed by the district court, but vacate the sentence of imprisonment and remand for resentencing in accord with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART, VACATED IN PART,*
*AND REMANDED*