**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Matthew Henry WEBER, Defendant—
Appellant.**

No. 05–50191.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 13, 2006.

Decided June 20, 2006.

Becky S. Walker, Esq., Jennifer Corbett, Esq., USLA—Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff—Appellee.

Jonathan D. Libby, Esq., APDCA—Federal Public Defender's Office, Los Angeles, CA, for Defendant—Appellant.

Before: CANBY, NOONAN, and BERZON, Circuit Judges.

### MEMORANDUM *

Matthew Henry Weber appeals the district court's imposition of several conditions of his supervised release.[1] Because Weber raises all the challenges addressed in this memorandum disposition for the first time on appeal, our review is for plain error. *See United States v. Rearden*, 349 F.3d 608, 618 (9th Cir.2003).

■ 1. Weber's contention that the supervised release condition requiring him to submit to polygraph testing as part of his participation in a sex offender treatment program violates his Fifth Amendment right against self-incrimination[2] is foreclosed by our recent decision in *United States v. Antelope*, 395 F.3d 1128 (9th Cir. 2005). *Antelope* held that a defendant retains his right against self-incrimination during the required polygraph testing and can refuse to answer any incriminating questions unless he is granted use-and-derivative-use immunity under *Kastigar v. United States*, 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972). *Antelope*, 395 F.3d at 1141 & n. 5. The decision in *Antelope* therefore requires that supervised release conditions mandating polygraph testing be construed to retain a defendant's Fifth Amendment right. As Weber thus retains the right to properly invoke his Fifth Amendment right in response to questions asked during the polygraph testing, the polygraph condition cannot violate his right not to incriminate himself.

■ 2. The requirement that Weber "take all prescribed medication" as part of his psychiatric counseling and sex offender treatment is plainly invalid on the present record in light of *United States v. Williams*, 356 F.3d 1045 (9th Cir.2004). *Williams* held that, because a particularly significant liberty interest is at stake with regard to forced medication, a district court must "make on-the-record, medically-grounded findings that court-ordered medication is necessary to accomplish one or more of the factors listed in 18 U.S.C. § 3583(d)(1)" before imposing such a supervised release condition. *Id.* at 1057. *Williams* also held that district courts imposing such a condition must make an explicit finding that the condition "involves

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. We address Weber's challenge to the condition requiring him to submit to plethysmograph testing, which he adequately preserved for appeal, in an opinion filed concurrently with this memorandum disposition.

2. Weber's passing reference in a footnote in his brief that the condition requiring polygraph testing implicates "Sixth Amendment concerns" is insufficiently developed to merit consideration. *See Kohler v. Inter–Tel Techs.*, 244 F.3d 1167, 1182 (9th Cir.2001) ("Issues raised in a brief which are not supported by argument are deemed abandoned.").

no greater deprivation of liberty than is reasonably necessary." *Id.* Given *Williams*'s characterization that forced medication implicates a "due process liberty interest" of a "high magnitude," *id.* at 1053, we are also satisfied that the improper imposition of this condition affects Weber's substantial rights and "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Rearden,* 349 F.3d at 614. The condition that Weber "take all prescribed medication" is therefore vacated.

■ 3. There was no error in prohibiting Weber from possessing any materials that depict or describe "sexually explicit conduct" as defined in 18 U.S.C. § 2256(2). We previously upheld an identical provision against vagueness and overbreadth challenges in *Rearden,* holding that such a prohibition furthers the goals of rehabilitation and protecting the public. 349 F.3d at 619–20. To the extent that Weber challenges this condition on First Amendment grounds, that argument is also foreclosed by circuit precedent. *See United States v. Bee,* 162 F.3d 1232, 1234–35 (9th Cir.1998).

■ 4. Weber additionally objects to the condition that he receive prior approval from his probation office before opening a post office box or using the services of a commercial mail-receiving agency, on the ground that the condition "does not relate to the offense of conviction, and the record does not show that it was reasonably necessary to deter Mr. Weber from repeating his sex crime."

■ A supervised release term need not be related to the offense of conviction; it can "look forward in time to crimes that may be committed in the future." *See United States v. Wise,* 391 F.3d 1027, 1031 (9th Cir.2004). The presentence report stated that Weber "was identified as the seller of a number of items, which had

been stolen from his neighbor's home, on Ebay." Because Weber did not object to this factual statement at sentencing, it can be treated as evidence to support a supervised release condition. *See United States v. Ameline,* 409 F.3d 1073, 1085 (9th Cir. 2005) (en banc) ("[T]he district court may rely on undisputed statements in the PSR at sentencing."). In light of Weber's use of the internet and mails to deal in stolen goods, the prohibition on access to a post office box is reasonably related to deterring Weber from committing future crimes and protecting the public from such crimes. Furthermore, that the condition does not *absolutely* prohibit ownership of a post office box but only requires prior approval from a Probation Officer before obtaining one confirms that it "does not plainly involve a greater deprivation of liberty than is reasonably necessary for the purpose." *See Rearden,* 349 F.3d at 621. Finally, even if we were to conclude that imposition of the condition was plainly erroneous, we fail to see how lack of access to a post office box or commercial mail-receiving agency could affect Weber's substantial rights or "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 614.

■ We also reject Weber's procedural challenge to the imposition of this condition. As a general rule, district courts are not required specifically to state on the record the reasons for imposing each condition of supervised release. *See id.* at 619. Although the reasons given in the presentence report for imposing the supervised release conditions in this case were not elaborate, any error in this regard cannot be considered "plain" in light of *Rearden.*

■ 5. Finally, we reject Weber's challenge to the condition that he "shall not affiliate with, own, control, and/or be employed in any capacity by a business whose

principal product is the production and/or selling of materials depicting and/or describing "sexually explicit conduct," as defined in 18 U.S.C. § 2256(2)." The condition is not an impermissible occupational restriction.

The occupational restriction imposed on Weber is consistent with the factors laid out in 18 U.S.C. § 3583(d) and U.S.S.G. § 5F1.5. A conviction for possession of child pornography is reasonably related to a prohibition on employment at an establishment which has as its principal product sexually explicit material. *Cf. United States v. Clark,* 195 F.3d 446, 452 (9th Cir.1999) (holding a limitation on being employed by or affiliated with a law office or legal services organization reasonable in light of conviction for unauthorized practice of law). The prohibition is narrowly tailored to cover only businesses "whose *principal* product is the production and/or selling of materials depicting and/or describing 'sexually explicit conduct.'" (emphasis added). Thus, contrary to Weber's argument, it would not prohibit Weber from working at a general bookstore, but only from being employed in the adult film or pornography industry. Moreover, the restriction is limited in duration, three years.

AFFIRMED in part and VACATED in part.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.