2012 COA 118
**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Ricky LIENTZ, Defendant–Appellant.**

**No. 09CA2025.**

Colorado Court of Appeals, Div. II.

July 19, 2012.

John W. Suthers, Attorney General, Rebecca A. Jones, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Douglas K. Wilson, Colorado State Public Defender, Alan Kratz, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge HAWTHORNE.

¶ 1 Defendant, Ricky Lientz, appeals the district court's order revoking his probation and the sentences thereafter imposed. We affirm the order, but vacate the sentences and remand for resentencing.

## I.  Facts

¶ 2 Defendant pled guilty in case number 01 CR 1323 to two counts of sexual exploitation of a child and one count of sexual assault on a child by one in a position of trust. The plea agreement called for a sentence of lifetime probation with three consecutive two-year jail terms. Defendant also pled guilty in case number 01 CR 1348 to sexual exploitation of a child. The plea agreement called for a sentence of lifetime probation and a two-year jail term to be served consecutively to the sentence in the companion case.

¶ 3 The district court sentenced defendant in accordance with the plea agreements, and he was subsequently released from jail.

¶ 4 Two months later, the probation department filed a petition to revoke his probation, citing, among other things, defendant's admissions that he had exposed himself to ten to twenty nonconsenting individuals and engaged in six "+" sexual interactions. Following a hearing, the district court revoked and then regranted defendant's probation.

¶ 5 Two years later, the probation department filed another petition to revoke defendant's probation, alleging that he violated probation condition 16, which required him to "attend and actively participate in a sex offender evaluation and treatment program approved by the Probation Officer," "abide by the rules of the treatment program and the treatment contract," and "successfully complete the program to the satisfaction of the probation officer and treatment provider."

The petition alleged that defendant had been "negatively discharged from the Sex Offender Treatment Program at Wisdom Works for non-compliance with Probation and his Treatment Contract" and that defendant had told his probation officer that he had unauthorized sexual contact in an open area with two unknown males he had met only minutes earlier. The petition was later amended to include numerous other violations, including a deceptive polygraph regarding illegally exposing his penis, an unauthorized sexual contact with a male neighbor, viewing pornographic magazines and videos numerous times, masturbating to pornographic videos, thinking of minors while viewing pornographic material, and failing to comply with his probation officer's instruction to clean and organize his storage room to allow for compliance searches.

¶ 6 After a hearing, the district court revoked defendant's probation. The court found that, based on the testimony of the probation officer and a treatment provider, defendant had violated the conditions of his probation. At a subsequent sentencing hearing, the court sentenced defendant to two concurrent indeterminate terms of fifteen years to life imprisonment in the custody of the Department of Corrections (DOC).

¶ 7 Defendant appeals the probation revocation and sentences.

## II. Statutory and Constitutional Propriety of Two Probation Conditions

¶ 8 Defendant contends that the district court committed plain error in failing to conclude at the probation revocation hearing that two of the probation conditions he violated—the conditions prohibiting sexual contact without prior approval and possessing pornography—are not statutorily or constitutionally authorized. Specifically, he argues: (1) the conditions are not statutorily authorized under section 18–1.3–204(2)(a)(XV), C.R.S.2011, because they are not "reasonably related to [his] rehabilitation and the purposes of probation"; (2) the condition prohibiting sexual contact without prior approval

violates his constitutional rights to liberty, privacy, and freedom of association; (3) the condition prohibiting possessing pornography is overbroad and violates his First Amendment right to possess sexually explicit, but non-obscene materials; and (4) both conditions are unconstitutionally void for vagueness. We reject each argument in turn.

¶ 9 As an initial matter, we note that we cannot affirm the revocation based on the fact that the record shows that defendant violated other probation conditions—apart from the two conditions he challenges here. Rather, we can only affirm on that basis if "the record clearly shows the trial court would have reached the same result" even without considering the challenged conditions. *People v. Loveall*, 231 P.3d 408, 416 (Colo.2010) (quoting *State v. Ojeda*, 159 Ariz. 560, 769 P.2d 1006, 1008 (1989)). Because the record does not clearly show that here, we address the merits of defendant's contention.

¶ 10 Defendant did not argue to the district court that the two probation conditions were not statutorily or constitutionally authorized. Therefore, we review only for plain error.[1] *See People v. Miller*, 113 P.3d 743, 749 (Colo.2005).

¶ 11 A plain error is an error that is both obvious and substantial. *People v. Cook*, 197 P.3d 269, 275 (Colo.App.2008). An error is obvious if it is "so clear-cut, so obvious, a competent district judge should be able to avoid it without benefit of objection." *Id.* (quoting *People v. O'Connell*, 134 P.3d 460, 464 (Colo.App.2005)). An error is substantial if it so undermined the trial's fundamental fairness as to cast doubt on the conviction's reliability. *Cook*, 197 P.3d at 276.

### A. Statutory Authorization for Challenged Conditions

¶ 12 Defendant first argues that the two probation conditions he challenges here—the conditions prohibiting sexual contact without prior approval and possessing pornography—are not "reasonably related to

---

1. We acknowledge the lack of clarity concerning the review of unpreserved constitutional errors. *See People v. Devorss*, 277 P.3d 829, 834 (Colo.App.2011); *People v. Greer*, 262 P.3d 920, 935 (Colo.App.2011) (J. Jones, J., specially concurring).

[his] rehabilitation and the purposes of probation," as section 18–1.3–204(2)(a)(XV) requires, because the victims of his sex crimes were children and not adults. Thus, he contends that the district court plainly erred in failing to conclude that the conditions were not statutorily authorized. We are not persuaded.

¶ 13 Section 18–1.3–204(2)(a)(XV) provides: When granting probation, the court may, as a condition of probation, require that the defendant ... [s]atisfy any other conditions reasonably related to the defendant's rehabilitation and the purposes of probation.

■ ¶ 14 Probation conditions serve the dual purposes of enhancing the reintegration of an offender into a responsible lifestyle and affording society a measure of protection against recidivism. *People v. Brockelman,* 933 P.2d 1315, 1318–19 (Colo.1997).

¶ 15 Here, for three reasons, the district court did not plainly err in failing to conclude that the two conditions were not "reasonably related to [defendant's] rehabilitation and the purposes of probation" under section 18–1.3–204(2)(a)(XV). First, no court in this state has concluded as defendant asserts. *See People v. Sandoval–Candelaria,* —— P.3d ——, —— (Colo.App.2011) ("If an issue has not yet been decided by a division of this court or the Colorado Supreme Court, then the trial court's error is not obvious, and therefore not plain.").

¶ 16 Second, numerous courts in other jurisdictions have rejected this argument, and we find their reasoning persuasive. *See United States v. Branch,* 421 Fed.Appx. 659, 662 (8th Cir.2011) (unpublished) (condition of supervised release restricting access to "sexual materials" was sufficiently related to the defendant's crime involving prostituting a minor); *United States v. Love,* 593 F.3d 1, 14 (D.C.Cir.2010) (rejecting argument by the defendant, who had been convicted of sex crime involving children, that condition of supervised release restricting possession of pornographic materials was unreasonable); *United States v. Brigham,* 569 F.3d 220, 233 (5th Cir.2009) (condition of supervised release that prohibited the defendant, who had been convicted of sex crime involving chil-

dren, from possessing "pornographic, sexually oriented or sexually stimulating materials" was reasonably related to the nature and circumstances of the offense, deterrence of criminal conduct, protection of the public, and treatment of the defendant's correctional needs); *United States v. Riley,* 342 Fed. Appx. 315, 319 (9th Cir.2009) (unpublished) (condition of supervised release that prohibited the defendant, who had been convicted of sex crime involving children, from possessing material containing "sexually explicit conduct" was reasonably related to rehabilitation and protection of the public); *United States v. Beeman,* 280 Fed.Appx. 616, 619 (9th Cir. 2008) (unpublished) (condition of supervised release prohibiting the defendant, who had been convicted of sex crime involving children, from possessing material describing or depicting "sexually explicit conduct" was reasonably related to rehabilitation and deterrence); *United States v. Boston,* 494 F.3d 660, 667 (8th Cir.2007) (condition of supervised release that prohibited the defendant, who had been convicted of sex crime involving children, from possessing or viewing pornography was reasonably related to the crime, the defendant's treatment, and protection of the public, and was not a greater restriction than was necessary); *United States v. Brogdon,* 503 F.3d 555, 558 (6th Cir.2007) (condition of supervised release prohibiting the defendant from possessing pornography was reasonably related to his previous sex crimes, which included sex assault on a child and indecent exposure); *Farrell v. Burke,* 449 F.3d 470, 497 (2d Cir.2006) ("Because [the defendant] was a convicted sex offender, most regulations of his possession of sexual material would be 'reasonably and necessarily related to the Government's legitimate interests in the parolee's activities' and thus would not violate the First Amendment."); *United States v. Henson,* 22 Fed. Appx. 107, 112 (4th Cir.2001) (unpublished) (condition of supervised release that prohibited the defendant, who had been convicted of crime involving child pornography, from possessing any sexually explicit material was sufficiently related to goals of rehabilitating the defendant and protecting the public); *United States v. Bee,* 162 F.3d 1232, 1234

(9th Cir.1998) (condition of supervised release that prohibited the defendant, who had been convicted of abusive sexual contact of a child, from "possess[ing] any sexually stimulating or sexually oriented material as deemed inappropriate by [his] probation officer and/or treatment staff, or patroniz[ing] any place where such material or entertainment is available" was reasonably related to protection of public); *Wilfong v. Commonwealth,* 175 S.W.3d 84, 98–100 (Ky.Ct.App. 2004) (conditional discharge condition that prohibited the defendant, who had been convicted of sexual abuse of a minor, from establishing a romantic relationship with an adult without prior approval from his probation officer was reasonably related to the purpose of supervisory release; rejecting the defendant's argument that condition prohibiting him from possessing any "sexually arousing materials" was unconstitutional because it applied to adults when he was convicted of sexual abuse of a minor; stating "it is a legitimate concern that exposure to sexually-arousing or sexually-orientated materials may contribute to sexual deviancy or the possibility of future sexually-abusive behavior," and "reducing access to sexually-arousing or sexually-oriented materials furthers the goals of rehabilitation, deterrence, and public safety in connection with sexual offenders"); *Krebs v. Schwarz,* 212 Wis.2d 127, 568 N.W.2d 26, 28–29 (App.1997) (probation condition prohibiting the defendant, who had been convicted of sexual assault on a child, from engaging in a sexual relationship without prior approval was reasonable and rationally related to his rehabilitation and protecting the public); *cf. People v. Devorss,* 277 P.3d 829, 837 (Colo.App.2011) (probation condition prohibiting contact with minors was reasonably related to rehabilitation of a sex offender); *People v. Harmon,* 3 P.3d 480, 484 (Colo.App.2000) (probation condition imposed by probation officer that prevented the defendant from discussing past sexual and emotional abuse was not reasonably related to rehabilitation).

¶ 17 Third, defendant has not pointed to any evidence presented at the revocation hearing that would support his assertion that the conditions were not reasonably related to his rehabilitation or the purposes of probation. Indeed, the testimony of defendant's treatment provider and probation officer supports the opposite conclusion:

- The treatment provider testified that defendant's hypersexuality concerned the treatment team.
- The treatment provider repeatedly testified that because of defendant's hypersexuality, defendant was not in control of his sexuality, but rather his sexuality was in control of him.
- The treatment provider testified that defendant was not dealing with his issues because he had not chosen to control his sexuality.
- The treatment provider testified that defendant's having sex with strangers in a public park without first acquiring approval caused him concern because such situations "allowed him to be sexual and he chose to act on that [as] opposed to assessing the risk not only to himself but also to public safety and public exposure. And so again, his sexuality was in charge of him [as] opposed to him being in charge of his sexuality."

¶ 18 The treatment provider testified:

Anybody in our treatment program, before they can initiate or have any type of sexual contact, has got to bring the individual for us to meet them. And that's a two-fold purpose. First off, we want to be aware of who they're connecting with, but it's also for their safety as well. Not knowing the character of—the personality of the individual they're dealing with and because sometimes when sexual [contact] comes about, it happens so quickly they don't take time to really get to know the person. We want to see whether or not there's some character disorder we can pick up on; i.e., such as a borderline personality character or something so that we can protect our client as well.

¶ 19 Nevertheless, defendant relies on *United States v. Voelker,* 489 F.3d 139, 151 (3d Cir.2007), which held that the record in the case did not show that a condition of supervised release prohibiting the defendant, who had been convicted of a sex crime

against children, from possessing "sexually explicit material" had a nexus to the goals of supervised release. However, to the extent the *Voelker* court reached a conclusion different from the cases cited above, the disagreement underscores our conclusion that the district court could not have plainly erred because the proposition defendant asserts is not obvious. *See People v. Vigil,* 251 P.3d 442, 447 (Colo.App.2010) (there can be no plain error where any possible error was not obvious); *cf. Cook,* 197 P.3d at 275–76 (error was obvious where the law was clear and long established).

¶ 20 Finally, we also reject defendant's related argument that allowing the probation department to impose such conditions on sex offenders who have victimized children rather than adults would give the probation department "virtually unlimited authority with respect to probationary conditions, regardless of the offense that the probationer committed." Defendant posits that "the probation officer could impose a condition prohibiting the probationer from engaging in any type of otherwise legal behavior that might endanger his health or the health of others, such as smoking." However, unlike smoking, which appears to be wholly unrelated to sex crimes, possessing pornography and engaging in sexual relationships plainly relate to sex, and defendant committed sex crimes.

¶ 21 Accordingly, the district court did not commit error, plain or otherwise, in failing to conclude that the two challenged probation conditions were not "reasonably related to [his] rehabilitation and the purposes of probation" under section 18–1.3–204(2)(a)(XV).

### B. Constitutionality of Condition Prohibiting Intimate Contact Without Prior Approval

■ ¶ 22 We also reject defendant's contention that the district court plainly erred in failing to conclude that the condition prohibiting sexual contact without prior approval violates his constitutional rights to liberty, privacy, and freedom of association.

¶ 23 In addressing whether a probation condition impermissibly infringes on a constitutional right, courts have considered the following five factors: (1) whether the condition is reasonably related to the underlying offense; (2) whether the condition is punitive to the point of being unrelated to rehabilitation; (3) whether the condition is unduly severe and restrictive; (4) whether the defendant may petition the court to lift the condition temporarily when necessary; and (5) whether less restrictive means are available. *See People v. Forsythe,* 43 P.3d 652, 654 (Colo.App.2001).

¶ 24 Here, defendant has not pointed to evidence presented at the revocation hearing to support the five factors, nor has he even addressed the fifth factor. Rather, he simply asserts that the condition is punitive and unduly severe and restrictive because it is unrelated to his sex offenses because the victims were children and not adults. He also asserts, without pointing to record evidence, that the condition is not narrowly tailored because it unnecessarily reaches constitutionally protected conduct—namely, adult sex.

¶ 25 However, courts in other jurisdictions have persuasively rejected nearly identical arguments, and no court in this state has concluded that such a probation condition violates a defendant's constitutional rights. *See Wilfong,* 175 S.W.3d at 98–99 (condition of conditional discharge that prohibited the defendant, who had been convicted of sexual abuse of a minor, from establishing a romantic relationship with an adult without prior approval from his probation officer was narrowly tailored and reasonably related to the purpose of supervisory release); *Krebs,* 568 N.W.2d at 28–29 (probation condition that prohibited the defendant, who had been convicted of sexual assault on a child, from engaging in a sexual relationship without prior approval from probation officer was reasonable, rationally related to his rehabilitation and protecting the public, narrowly drawn, and not overbroad, and did not interfere with his constitutional right to privacy).

¶ 26 Moreover, the two cases that defendant cites to support his argument are inapposite. Both involved probation conditions that broadly prohibited the defendants from engaging in "intimate relationships," whereas

the condition here more specifically prohibited defendant from having sexual contact without prior approval. *See Bodfish v. State,* 2009 WL 3233716, at *3–5 (Alaska Ct.App. 2009) (unpublished); *State v. Andrus,* 2005 WL 1560802, at *1–2 (Kan.Ct.App.2005) (unpublished). Moreover, the condition at issue in *Andrus* prohibited the defendant from engaging in any intimate relationship with anyone under the age of twenty-one. *Andrus,* 2005 WL 1560802, at *1. Thus, unlike the condition at issue here, the challenged condition in *Andrus* did not allow for sexual contact even with approval from the defendant's treatment provider or probation officer. *See id.*

¶ 27 Accordingly, the district court did not err, plainly or otherwise, in not concluding that the challenged conditions violate defendant's constitutional rights to liberty, privacy, and freedom of association.

### C. Overbreadth of Condition Prohibiting Defendant from Possessing Pornography

■ ¶ 28 We likewise reject defendant's contention that the district court plainly erred by failing to conclude that the condition prohibiting him from possessing pornography was unconstitutionally overbroad.

■ ¶ 29 A probation condition is only unconstitutionally overbroad if its overbreadth—that is, its limitation on constitutionally protected conduct—is real and substantial in relation to its plainly legitimate sweep. *See Farrell,* 449 F.3d at 499.

¶ 30 Defendant simply asserts, without developing any further argument or providing an overbreadth analysis, that the prohibition against possessing pornography is overbroad and "is not narrowly tailored and is unduly restrictive [and as] such it impermissibly infringes upon [defendant's] First Amendment rights." However, parties must do more than make conclusory assertions; they must present reasoned analysis. *See People v. Durapau,* 280 P.3d 42, 49 (Colo.App.2011) (collecting cases).

¶ 31 Moreover, other courts have persuasively rejected nearly identical overbreadth arguments. *See United States. v. Olson,* 667 F.3d 958, 963 (8th Cir.2012) ("We have consistently rejected overbreadth challenges to special conditions precluding the possession of pornography or sexually explicit material in cases involving child pornography and reject such a challenge here."); *Riley,* 342 Fed.Appx. at 319 (condition of supervised release that prohibited the defendant, who had been convicted of sex crime involving children, from possessing material containing "sexually explicit conduct" was not overbroad); *Brigham,* 569 F.3d at 233 (rejecting argument by the defendant, who had been convicted of sex crime involving children, that condition of supervised release that prohibited him from possessing "pornographic, sexually oriented or sexually stimulating materials" was overbroad); *Boston,* 494 F.3d at 667–68 (condition of supervised release that prohibited the defendant, who had been convicted of sex crime involving children, from possessing "pornography, sexually stimulating or sexually oriented material" was not overbroad given that the defendant had been convicted of sex offense involving children and the desire to deter him from committing additional sex offenses); *United States v. Weber,* 186 Fed.Appx. 751, 754 (9th Cir.2006) (unpublished) (rejecting argument by the defendant, who had been convicted of sex crime involving children, that condition of supervised release that prohibited him from possessing materials depicting "sexually explicit conduct" was unconstitutionally overbroad); *Farrell,* 449 F.3d at 497, 499 (rejecting overbreadth challenge to condition of supervised release that prohibited the defendant, who had been convicted of sex crimes involving children, from "possess[ing] any pornographic material" because First Amendment rights of paroled sex offenders are circumscribed such that otherwise legal pornography may be regulated in the hands of a parolee to a much greater extent and the defendant was the only person affected by the condition; stating, "Even if some materials included in the ambiguous scope of the Special Condition would be protected, however, a great deal of 'pornographic material' can constitutionally be prohibited in the hands of a convicted pedophile. Thus, a great deal of the conduct regulated by the Special Condition was not protected."; con-

cluding "[c]ondition's overbreadth was [not] real and substantial in relation to its plainly legitimate sweep"); *United States. v. Hartshorn,* 163 Fed.Appx. 325, 331 (5th Cir.2006) (unpublished) (rejecting as lacking common sense argument by the defendant, who had been convicted of sex crime involving children, that condition of supervised release that prohibited him from possessing sexually oriented materials would prevent him from reading newspapers or magazines with lingerie advertisements, or viewing films like "Song of Solomon"); *United States v. Ristine,* 335 F.3d 692, 694 (8th Cir.2003) (rejecting, under plain error review, argument by the defendant, who had been convicted of sex crime involving children, that condition of supervised release that prohibited him from possessing "any pornographic materials" was overbroad); *United States v. Cabot,* 325 F.3d 384, 385–86 (2d Cir.2003) (condition of supervised release that prohibited the defendant, who had been convicted of sex crime involving children, from possessing pornography involved no greater deprivation of liberty than reasonably necessary and was consistent with sentencing policies); *Henson,* 22 Fed.Appx. at 112 (condition of supervised release that prohibited the defendant, who had been convicted of sex crime involving children, from possessing any "pornography or sexually explicit material" was not overbroad); *Bee,* 162 F.3d at 1234–35 (rejecting argument by the defendant, who had been convicted of abusive sexual contact of a child, that condition of supervised release that prohibited him from "possess[ing] any sexually stimulating or sexually oriented material as deemed inappropriate by [his] probation officer and/or treatment staff, or patroniz[ing] any place where such material or entertainment is available" violated his First Amendment rights); *Wilfong,* 175 S.W.3d at 99–100 (concluding that condition of conditional release that prohibited the defendant, who had been convicted of sexual abuse of a minor, from possessing any sexually arousing materials was not overbroad).

¶ 32 Accordingly, the district court did not err, plainly or otherwise, in not concluding that the challenged conditions were unconstitutionally overbroad.

### D. Void for Vagueness

¶ 33 Finally, we reject defendant's argument that the district court plainly erred in not concluding that the two conditions he challenges here—the conditions prohibiting sexual contact without prior approval and possessing pornography—are unconstitutionally vague.

¶ 34 The constitutional void for vagueness doctrine applies not only to statutes, but to probation conditions as well. *People v. Firth,* 205 P.3d 445, 449 (Colo.App.2008). When a probation condition is challenged as unconstitutionally vague, the essential inquiry is whether the condition forbids or requires the doing of an act in terms so vague that persons of ordinary intelligence cannot readily understand its meaning and application. *Id.*

¶ 35 However, because of the nature of language, due process does not require mathematical precision in legislative draftsmanship. *See Devorss,* 277 P.3d at 835. A probation condition is unconstitutionally vague only if it specifies no standard of conduct at all, and not if it simply requires a person to conform his or her conduct to an imprecise, but comprehensible normative standard. *Firth,* 205 P.3d at 449. Thus, in evaluating a void for vagueness challenge, the supreme court held that "a common term ... is to be given its generally accepted meaning ... as well as the benefit of commonsense understanding," and "[w]here fairness can be achieved by a commonsense reading of the statute, we will not adopt a hypertechnical construction to invalidate the provision." *People v. Garcia,* 197 Colo. 550, 554, 595 P.2d 228, 231 (1979).

### 1. Condition Prohibiting Sexual Contact Without Prior Approval

¶ 36 Defendant argues that the district court plainly erred by failing to conclude at the revocation hearing that the probation condition prohibiting him from having "intimate relationships" without prior approval was unconstitutionally vague because "intimate" has a plethora of definitions. We discern no plain error.

¶ 37 Defendant has not cited where in the record the written condition exists. Rather, in asserting that the condition bars "intimate relationships" without prior approval, he cites to a question asked by the prosecutor who, in that one instance, phrased the condition as barring "intimate relationships." However, that is the only point in the record where we found the condition described as prohibiting "intimate relationship" rather than "sexual contact." We found numerous instances of the prosecutor, defense counsel, and the treatment provider all describing the condition as prohibiting "sexual contact" and not "intimate relationships."

¶ 38 Accordingly, the district court could not have committed plain error in failing to sua sponte conclude that a condition prohibiting "intimate relationships" was unconstitutionally vague where it was not obvious that the condition at issue even encompassed the phrase "intimate relationships." *See Vigil,* 251 P.3d at 447 (there can be no plain error where any possible error was not obvious).

### 2. Condition Prohibiting Defendant from Possessing Pornography

¶ 39 We also reject defendant's argument that the district court plainly erred by failing sua sponte to conclude at the revocation hearing that the probation condition prohibiting him from possessing pornography or "sexually oriented or sexually stimulating material" was unconstitutionally vague.

¶ 40 Defendant asserts in conclusory fashion that "a probation condition that precludes any possession or viewing of 'pornographic' materials is unconstitutionally vague" and cites *United States v. Loy,* 237 F.3d 251, 261–66 (3d Cir.2001). However, numerous courts have persuasively rejected this very proposition. *See Riley,* 342 Fed.Appx. at 319 (condition of supervised release that prohibited the defendant from possessing material containing "sexually explicit conduct" was not impermissibly vague); *Brigham,* 569 F.3d at 233 (rejecting vagueness challenge to condition of supervised release that prohibited the defendant, who had been convicted of sex crime involving children, from possessing sexually oriented or sexually stimulating materials); *United States v. Stults,* 575 F.3d

834, 854–55 (8th Cir.2009) (rejecting, under plain error review, argument by a defendant, who had been convicted of sex crime involving children, that condition of supervised release that prohibited the defendant from "possess[ing] any pornographic sexually oriented or sexually stimulating materials" was unconstitutionally vague); *Weber,* 186 Fed. Appx. at 754 (rejecting the defendant's argument that condition of supervised release that prohibited him from possessing materials depicting "sexually explicit conduct" was unconstitutionally vague); *Ristine,* 335 F.3d at 694 (rejecting, under plain error review, the defendant's argument that condition of supervised release that prohibited him from possessing "any pornographic materials" was unconstitutionally vague); *United States v. Phipps,* 319 F.3d 177, 192–93 (5th Cir.2003) (rejecting the defendants' vagueness challenge to condition of supervised release prohibiting them from possessing "sexually oriented or sexually stimulating materials"; commonsense reading defeats the defendants' argument that the condition could apply to newspapers, magazines that contain lingerie advertisements, and the "Song of Solomon"); *Cabot,* 325 F.3d at 385 (condition of supervised release that prohibited the defendant from "possess[ing] [ ] or hav[ing] under his control any 'matter' that is pornographic" was not unconstitutionally vague); *Wilfong,* 175 S.W.3d at 99 (concluding that a conditional release condition that prohibited the defendant from possessing, among other things, "any sexually arousing materials" was not unconstitutionally vague based on a commonsense reading); *Belt v. State,* 127 S.W.3d 277, 280 (Tex.App.2004) (rejecting challenge by the defendant, who had been convicted of sex assault on a child, that condition of deferred adjudication that prohibited him from possessing any "sexually stimulating or sexually oriented material as deemed inappropriate by the supervision office and [his] counselor or treatment provider" was vague).

¶ 41 Thus, because no court in this state has concluded that such a condition is unconstitutional and, to the contrary, many courts have rejected that argument, the district court could not have plainly erred in failing

to conclude that the condition was unconstitutionally vague. *See Vigil,* 251 P.3d at 447.

### III. District Court's Findings

¶ 42 Defendant also contends that the district court violated his right to due process by not stating the reasons for revoking his probation and the evidence the court relied on. We disagree.

¶ 43 Whether a court adequately stated its reasons for revoking probation and the evidence it relied on is a legal question we review de novo. *See People in Interest of A.J.L.,* 243 P.3d 244, 249 (Colo.2010) (legal questions reviewed de novo); *People v. Owens,* 969 P.2d 704, 707 (Colo.1999) (legal questions involve no factual dispute).

¶ 44 Although a court may revoke probation when a defendant violates any condition of probation, *People v. Ickler,* 877 P.2d 863, 866 (Colo.1994), a defendant is nevertheless entitled to certain procedural due process rights in revocation proceedings, including the right to a statement by the fact finder regarding the reasons for revoking probation and the evidence relied on. *People v. Elder,* 36 P.3d 172, 174 (Colo.App.2001). The purpose is to ensure accurate fact finding and to provide an adequate basis for review to determine if the decision rests on permissible grounds supported by the evidence. *Id.* That purpose is satisfied where, as here, the district court has made oral findings on the record regarding the grounds for the revocation and the basis of its decision. *Id.*

¶ 45 Here, the court revoked defendant's probation after a hearing, stating:

> The Court has heard the testimony of two witnesses, Stephanie Crawford, who is a probation officer for the Tenth Judicial District, and Mr. Mollenkamp, who is a treatment provider with Wisdom Works.
>
> Based on the evidence that's been presented to the Court, the Court does believe that [defendant] did violate the conditions of his probation and that that's been established through the testimony of those witnesses. Therefore, the Court will revoke [defendant's] probation in both matters.

¶ 46 Contrary to defendant's argument, the court specifically cited the evidence it relied on: the testimony of defendant's probation officer and his treatment provider. Moreover, the court stated its reason for revoking defendant's probation: because defendant violated conditions of his probation. Although it may have been better practice for the court to have made specific findings as to each condition violated, the court's findings were sufficient under these circumstances because the evidence was uncontroverted. *See People in Interest of C.J.W.,* 727 P.2d 870, 872 (Colo.App.1986) ("It would have been better practice for the trial court to have made specific findings with respect to each condition violated. However, the testimony being uncontroverted, the evidence relied on by the trial court to revoke probation is obvious. Accordingly, we conclude that by its determination that [the defendant] had violated the 'conditions' of her probation, the trial court implicitly held that each of the alleged violations had been demonstrated. Thus, the trial court's general finding is adequate here, and consistent with the due process requirement of fundamental fairness.") (citations omitted).

¶ 47 Accordingly, the court did not violate defendant's right to due process on this basis.

### IV. Propriety of Aggravated Sentences

¶ 48 Defendant contends that the sentences must be vacated and the case remanded for resentencing because the district court imposed aggravated sentences without making the necessary findings under section 18–1.3–401(6)–(7), C.R.S.2011. The People agree with this contention, and so do we. Thus, we vacate the sentences and remand to the court to determine whether aggravated sentencing is appropriate.

¶ 49 Each offense to which defendant pled guilty is a class 3 felony, and none is a crime of violence or an extraordinary risk crime. *See* § 18–1.3–401(1)(a)(V)(A), C.R.S.2011. The presumptive sentencing range for a class 3 felony is four to twelve years imprisonment. *Id.*

¶ 50 Under the Colorado Sex Offender Lifetime Supervision Act, a court must im-

pose an indeterminate term of at least the minimum of the presumptive range and a maximum of the offender's natural life. § 18–1.3–1004(1)(a), C.R.S.2011 (formerly codified at § 16–13–804(1)(a)). In setting the minimum term of an indeterminate sentence, a court may not exceed the maximum in the presumptive range unless (1) extraordinary aggravating circumstances are present, and (2) the court makes specific findings on the record detailing the specific extraordinary circumstances that constitute the reasons for varying from the presumptive sentence. § 18–1.3–401(6)–(7).

¶ 51 Here, the court imposed concurrent sentences of fifteen years to life in the DOC's custody. Thus, the minimum term of the sentences exceeds the twelve-year maximum in the presumptive range for the class 3 felonies for which defendant was convicted. And because the record does not reveal the basis for the district court's sentences in the aggravated range, we must vacate the sentences and remand for resentencing. *See People v. Fiske*, 194 P.3d 495, 497 (Colo.App. 2008).

¶ 52 Because we vacate the sentences and remand for resentencing, we do not address defendant's contentions that, in imposing the sentences, the court misapprehended the scope of its discretion and abused its discretion. *See People v. Woodward*, 11 P.3d 1090, 1092 (Colo.2000) (declining to address issues unnecessary to case's resolution).

¶ 53 The order is affirmed, the sentences are vacated, and the case is remanded for resentencing.

Judge CASEBOLT and Judge J. JONES concur.