**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Luis FLORES–CHAVEZ, Defendant—Appellant.**

No. 05–50803.

United States Court of Appeals, Ninth Circuit.

Submitted May 7, 2007.*

Filed May 9, 2007.

Robert J. Keenan, Esq., Los Angeles, CA, Robert Gannon, Esq., USSA–Office of the U.S. Attorney, Santa Ana, CA, Becky S. Walker, Esq., USLA–Office of the U.S. Attorney, Criminal Division, for Plaintiff–Appellee.

Elizabeth A. Newman, Esq., Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: SILVERMAN, WARDLAW, and BYBEE, Circuit Judges.

MEMORANDUM **

Luis Flores–Chavez appeals his sentence imposed following his guilty plea to being found in the United States after illegal re-entry, in violation of 8 U.S.C. § 1326. The district court sentenced Flores–Chavez to 57 months in custody, followed by three years of supervised release subject to a number of standard and special conditions. He appeals the imposition of special conditions requiring him to submit to warrantless searches and to report to a specified probation office within 72 hours of any re-entry to the United States. He also appeals his sentence enhancement based upon 8 U.S.C. § 1326(b).

We have jurisdiction to review Flores–Chavez's sentence under 18 U.S.C. § 3742(a). Because Flores–Chavez did not challenge the search or reporting condi-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tions in the district court, we review for plain error. *United States v. Sales,* 476 F.3d 732, 735 (9th Cir.2007). His challenge to the 8 U.S.C. § 1326(b) sentencing enhancements is reviewed *de novo. See United States v. Tarallo,* 380 F.3d 1174, 1192 (9th Cir.2004).

Even if the district judge's failure to give notice of the warrantless search condition was error under *United States v. Wise,* 391 F.3d 1027 (9th Cir.2004), it was not plain error because it was not prejudicial and, therefore, did not affect Flores–Chavez's substantial rights. *See United States v. Olano,* 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). Flores–Chavez's arguments that the warrantless search condition was not narrowly tailored and is impermissibly vague are without merit. *See United States v. Dupas,* 419 F.3d 916, 922 (9th Cir.2005); *United States v. Guagliardo,* 278 F.3d 868, 873 (9th Cir.2002).

Flores–Chavez's argument that 8 U.S.C. § 1326(b) is unconstitutional is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). His argument regarding the reporting condition is foreclosed by *United States v. Rodriguez–Rodriguez,* 441 F.3d 767, 772 (9th Cir.2006).

**AFFIRMED.**