MEMORANDUM *
Defendant-appellant Mario Riley appeals his conviction and sentence for one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). He contends that the district court committed reversible error in denying his motions to suppress and exclude evidence, imposed an unreasonable 46-month prison sentence, and improperly imposed several special conditions as a part of a three-year term of supervised release. In an opinion filed concurrently with this memorandum disposition, we vacate one of the supervised release conditions. Here, for the reasons stated below, we affirm Riley’s conviction and sentence and uphold all but one of the remaining supervised release conditions.
1. The government had to prove at trial that Riley knew the CD he had ordered and received contained images of child pornography. Given that the CD was found in Riley’s computer when agents arrived to search the apartment, evidence of Riley’s sexually aroused physical condition at the time he answered the door was relevant to the knowledge ele *318 ment. The district court did not abuse its discretion in concluding that the probative value of this evidence was not substantially-outweighed by its prejudicial effect. See Fed.R.Evid. 403.
2. Nor did the district court abuse its discretion in admitting eleven uncharged images of child pornography retrieved from Riley’s hard drive. The images are relevant to establishing Riley’s knowledge of the contents of the CD and to demonstrating the absence of mistake. See Fed.R.Evid. 404(b). The district court gave the jury a limiting instruction permitting it to consider the images only as relevant to Riley’s knowledge or absence of mistake or accident.
The admission of additional images of child pornography was also not unfairly prejudicial under Rule 403. Because the jury already had before it several of the images of child pornography from the CD, the additional images could not have improperly inflamed the jury based on their content. See United States v. Schene, 543 F.3d 627, 643 (10th Cir.2008).
3. The district court properly denied Riley’s motion to suppress his statement to Inspector Higa, “I did something stupid. I just want to repair it.” Riley made the statement after he was advised he was free to leave and signed a statement so stating. The statement was not, therefore, the result of a custodial interrogation.
Riley’s reliance on United States v. Craighead, 539 F.3d 1073 (9th Cir.2008), is misplaced. The atmosphere surrounding Riley’s questioning was far less police-dominated than that in Craighead, see id. at 1084-85, and, unlike the defendant in that case, Riley was read his Miranda rights. The statement to Inspector Higa was therefore properly admitted.
4. Riley contends, for three reasons, that the district court abused its discretion in imposing a high-end but within-Guidelines sentence of 46 months. We disagree.
(a) To the extent that the district court misstated facts relating to Riley’s failure to obtain psychological counseling and his failure to supply the district court with financial information, these facts did not weigh significantly in the district court’s sentencing decision. The district court failed to apply a downward adjustment for acceptance of responsibility in part because Riley did not take positive steps to seek counseling, not because he declined offers of counseling made to him. Moreover, the court did not impose a fine despite Riley’s failure to provide financial information.
(b) The district court also recited several of Riley’s relevant personal characteristics in its sentencing memorandum. Moreover, the range of personal information available to the district court was limited by Riley’s failure to agree to an interview with a probation officer.
The district court did not impermissibly “double count” in imposing enhancements to the base level offense for material: (1) involving young children; (2) obtained by using the Internet; and (3) containing more than ten separate images. Each of these enhancements serves a unique purpose and accounts for a different aspect of the harms caused by Riley’s actions. See United States v. Stoterau, 524 F.3d 988, 1001 (9th Cir.2008).
(c) The district court’s decision to impose a high-end Guidelines sentence was reasonable despite the court’s reference to recent amendments to the Sentencing Guidelines. The district court did not calculate the applicable Guideline range based on the amended Guidelines. Instead, the district court referred to recent *319 changes to the Guidelines as confirming its own assessment of the seriousness of offenses involving the exploitation of children.
5. The district court did not abuse its discretion in imposing condition 7, which prohibits Riley from possessing any material depicting or describing “sexually explicit conduct.” The term “sexually explicit conduct” as defined in 18 U.S.C. § 2256(2) is not impermissibly vague or overbroad for the purposes of defining the scope of prescribed material as part of a special condition of supervised release. See United States v. Cope, 527 F.3d 944, 958 (9th Cir.2008). Given the offense conduct of possession of child pornography, the condition is also reasonably related to the goals of rehabilitation and to the protection of the public. See United States v. Daniels, 541 F.3d 915, 928 (9th Cir.2008); United States v. Rearden, 349 F.3d 608, 620 (9th Cir.2003). Moreover, unlike the lifetime limitations on sexually explicit material imposed in Daniels, which we upheld, the supervised release conditions imposed on Riley last only three years.
6. The district court did not abuse its discretion in imposing conditions 11 and 12, restricting Riley’s employment in occupations that cause him to regularly contact minors and that involve the production or selling of materials depicting sexually explicit conduct. The heightened protections of U.S.S.G. § 5F1.5 do not apply here, as Riley’s previous occupations — employment as a technician and engineer — did not involve regular contact with minors or the production of sexually explicit material. See Stoterau, 524 F.3d at 1009-10. The restrictions are reasonably related to the goal of promoting the protection of the public and deterrence, particularly in light of Riley’s demonstrated sexual interest in minors. See Daniels, 541 F.3d at 929. Moreover, because the conditions do not prohibit Riley from returning to his prior work, the restrictions are no greater deprivations of liberty than necessary to further the goals of deterrence and protection of the public. See id.) Stoterau, 524 F.3d at 1010.
7. For similar reasons, the district court did not abuse its discretion in imposing conditions 14 and 15, prohibiting Riley from residing or loitering in areas adjacent to schools, parks, swimming pools, playgrounds, youth centers, video arcades, or other areas primarily used by minors. These conditions are reasonably related to the goals of protection of the public and deterrence. Riley’s general sexual interest in children is sufficient to support a condition that restricts his ability to live in or loiter around areas where children likely are present. See Daniels, 541 F.3d at 928. Moreover, because the conditions apply only during the three-year term of supervised release, they do not impose a greater deprivation of liberty than necessary.
8. With the exception of condition 19, which we vacate in the accompanying opinion, the district court did not abuse its discretion in imposing restrictions on Riley’s use of computers. Condition 16, requiring probation officer approval for Riley’s use of any computer or computer-related device[1] and for access to email and Internet accounts, is consistent with conditions we have previously upheld in similar circumstances. See United States v. Goddard, 537 F.3d 1087, 1090 (9th Cir.2008); *320 United States v. Antelope, 395 F.3d 1128, 1142 (9th Cir.2005); Rearden, 349 F.3d at 620-22. Similarly, condition 20, requiring probation officer approval for possession or use of a computer with Internet access is, given Riley’s prior use of computers to access child pornography, reasonably related to the goals of protecting the public and providing adequate deterrence.
We have also upheld, subject to narrowing constructions, limitations similar to those of condition 17, which permits the use of computers “only within the scope of [Riley’s] employment” and not “for any other purpose” and condition 18, which requires prior approval for any updates or modifications to approved computers. See Goddard, 537 F.3d at 1089-91. We adopt the same limiting constructions here. We construe condition 17 to mean that at work, Riley shall use computers and computer-related devices only within the scope of his employment. See id. at 1091. And we construe condition 18 not to require prior approval of “routine or automatic software additions, deletions, upgrades, updates, installations, repairs, or other modifications.” Id. at 1090-91. So construed, the conditions are valid.
9. Finally, Riley’s contention that the Abel testing requirement of condition 6 violates his due process rights is foreclosed by Stoterau, 524 F.3d at 1006-07. We therefore uphold this aspect of the condition.
As to the requirement that Riley take all prescribed medication, a limited remand is necessary because, as the government recognizes, the requirement is overbroad in the absence of specific findings justifying it. See Cope, 527 F.3d at 954, 956. We therefore vacate the aspect of condition 6 requiring Riley to take all prescribed medications, and remand to the district court for the limited purpose of making more specific findings as to medications “reasonably related to [Riley’s] treatment as a sex offender.” Id. at 956.
AFFIRMED in part; VACATED in part; and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Riley argues that the term "computer-related device” is overly broad because it includes devices, like PDAs, that can access the Internet, relying on United States v. Sales, 476 F.3d 732, 736 (9th Cir.2007). Unlike in Sales, there is a direct connection between Riley's use of the Internet and the commission of his offense.