**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30062 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-00105-RRB-1 |
| v. | |
| ANTHONY RICHARD MOORE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, Chief District Judge, Presiding

Argued and Submitted June 3, 2014
Anchorage, Alaska

Before: WALLACE, WARDLAW, and CHRISTEN, Circuit Judges.

Anthony Moore appeals from the district court's modification of the

conditions of his supervised release. We have jurisdiction over Moore's appeal

under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We assume that the parties are

familiar with the facts of the case so we do not repeat them here. Reviewing for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

abuse of discretion, *United States v. Weber*, 451 F.3d 552, 557 (9th Cir. 2006), we affirm.

The district court did not abuse its discretion by requiring Moore to participate in an outpatient substance abuse treatment program. A drug-treatment condition is appropriate if a defendant may have a "present propensity" for drug abuse. *See United States v. Napier*, 463 F.3d 1040, 1045 (9th Cir. 2006). The record indicates that Moore had an extensive history of drug use and that he used drugs, such as cocaine, up until his arrest for bank robbery. After that point, he was confined almost continuously until the beginning of this period of supervised release. The district court did not abuse its discretion by presuming that Moore could have an ongoing propensity for drug abuse, even if there was no specific evidence of drug use while he was confined in prison.

Moore did not show that the condition requiring him to submit to up to twelve drug tests per month was an abuse of discretion, under these facts. Notably, Moore did not argue to the district court that this number of drug tests would either pose a particular hardship or would not be feasible under his personal circumstances. Instead, he argues that the maximum set by the district court pursuant to *United States v. Stephens*, 424 F.3d 876, 884 n.5 (9th Cir. 2005), was not reasonably necessary for the purposes of supervised release. *Stephens*

2

contemplated that a district court could "set the maximum number sufficiently high to give the probation officer flexibility in supervising the offender." *Id.* We cannot say that Moore met his burden of showing that the maximum of twelve monthly tests was an abuse of discretion here, but our ruling does not imply that twelve tests per month is an acceptable "default" maximum generally. Nor does it imply that Moore could not have brought a successful challenge to the condition if he believed excessive testing were taking place. Our ruling is limited to the facts of this case, and the argument actually advanced by Moore.

Under *United States v. Sales*, 476 F.3d 732, 735–36 (9th Cir. 2007), the district court did not abuse its discretion by imposing a special condition that Moore could not use or possess alcohol during his supervised release. Given the wide variety of drugs Moore used throughout his life, and the fact that his drug use apparently continued up until his arrest for the crime underlying this appeal, the district court was reasonably concerned that Moore might turn to alcohol if he was unable to use other drugs under his conditions of supervised release. The district court judge specifically suggested that Moore could seek to have the alcohol condition modified if his drug evaluation indicated that it was not an appropriate condition.

3

The district court did not abuse its discretion by requiring Moore to submit to warrantless searches "based upon reasonable suspicion of contraband or a violation of a condition of probation." We have recognized in the probation context that the ability to conduct suspicionless searches "aids . . . reintegration . . . into productive society." *See United States v. King*, 736 F.3d 805, 809 (9th Cir. 2013) (quoting *Samson v. California*, 547 U.S. 843, 854 (2006)). The ability to conduct searches may deter criminal conduct and, through the process of reintegration, protect the public from further crimes by the defendant. 18 U.S.C. § 3553(a)(2)(B)–(C). Here, the "reasonable suspicion" limitation on searches adequately protects Moore's diminished expectation of privacy in light of the government's need to ensure his compliance with his conditions of supervised release. *See United States v. Kriesel*, 720 F.3d 1137, 1141 (9th Cir. 2013) (citation omitted) (recognizing that supervised releasees have diminished expectation of privacy).

Finally, the imposition of monthly $25 restitution payments was not an abuse of discretion. The district court properly considered Moore's financial situation and ability to work. The court deliberately set an amount that was lower than what the government requested so as not to overburden Moore.

**AFFIRMED.**