**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 17 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff - Appellee,<br><br>     v.<br><br>DYLAN JOSH ZARA,<br><br>          Defendant - Appellant. | No. 13-10680<br><br>D.C. No. 3:11-cr-00819-SI-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, Senior District Judge, Presiding

Argued and Submitted March 12, 2015
San Francisco California

Before: McKEOWN, MURGUIA, and FRIEDLAND, Circuit Judges.

Dylan Josh Zara challenges six special conditions of supervised release imposed by the district court following his guilty plea to production of child pornography in violation of 18 U.S.C. § 2251(a), advertisement of child pornography in violation of 18 U.S.C. § 2251(d), distribution of child pornography

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

in violation of 18 U.S.C. § 2252(a)(2), and possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). Because Zara did not object to the conditions in the district court, we review for plain error. *See United States v. Phillips*, 704 F.3d 754, 762 (9th Cir. 2012). We affirm in part, vacate in part, and remand.

Zara argues the district court committed plain error when it imposed a supervised release condition prohibiting him from consuming alcohol. Due to Zara's history of substance use, the district court did not plainly err in concluding that the condition is reasonably necessary to protect the public and rehabilitate Zara. *See United States v. Sales*, 476 F.3d 732, 735-36 (9th Cir. 2007).

Zara further argues that a condition providing that he "shall not add, remove, upgrade, update, reinstall, repair, or otherwise modify the hardware or software on the computers, computer-related devices, or their peripheral equipment, nor shall [he] hide or encrypt files or data without prior approval of the Probation Officer" is overbroad. In *United States v. Goddard*, we upheld a similar condition after interpreting its language as excluding "routine or automatic" software upgrades. 537 F.3d 1087, 1093 (9th Cir. 2008). We adopt the *Goddard* interpretation here and affirm the condition.

Zara next asserts that the special conditions restricting his access to sexually explicit materials are invalid under *United States v. Cope*, 527 F.3d 944 (9th Cir. 2008). The district court did not plainly err in requiring Zara to obtain his probation officer's permission before possessing materials depicting or describing sexually explicit conduct not involving children. *See United States v. Bee*, 162 F.3d 1232, 1235 (9th Cir. 1998). The condition barring Zara from possessing materials depicting or describing child pornography contravenes *Cope*, however, because it may prevent him from participating in sex offender treatment or collaterally attacking his conviction. Although this case differs slightly from *Cope* because Zara's probation officer is tasked with "direct[ing]" his sex offender treatment, we nonetheless vacate the condition and remand for the district court to clarify that the condition does not prevent him from possessing materials approved by his probation officer.

Zara finally argues that the condition preventing him from residing "within direct view of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18" is both vague and overbroad. Contrary to Zara's contention, neither the phrase "within direct view" nor the phrase "primarily used by persons under the age of 18" is so vague that "men of common intelligence must necessarily guess at

3

its meaning and differ as to its application." *United States v. Hugs*, 384 F.3d 762, 768 (9th Cir. 2004) (quoting *United States v. Loy*, 237 F.3d 251, 262 (3d Cir. 2001)).

However, the condition is overbroad in at least two ways. For example, it could prevent Zara from living in direct view of parks and public pools used primarily by adults. The condition could also prevent Zara from living within sight of places primarily used by children, even if he is so far away that he cannot see the children at the location. On appeal, the United States contends that the condition should be read as preventing Zara only from residing within direct view of parks and swimming pools primarily used by children, and then only if he can see the children using them.

The United States's interpretation solves the condition's overbreadth problem but arguably is contrary to its plain language. We therefore vacate and remand for the district court to rewrite the condition to comply with the United States's interpretation. *See Cope*, 527 F.3d at 958 ("We . . . cannot assume, as the government seems to suggest, 'that [a condition of supervised release] will be interpreted contrary to its plain language.'" (quoting *Sales*, 476 F.3d at 737)).

For the same reason, we also vacate the condition preventing Zara from "frequent[ing], or loiter[ing], within 100 feet of school yards, parks, public

4

swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18" so the district court may clarify that Zara is only restricted from frequenting parks and pools primarily used by minors.

**AFFIRMED in part, VACATED in part and REMANDED.**

*United States v. Zara*, No. 13-10680

MURGUIA, Circuit Judge, concurring in part, and dissenting in part:

I agree with my colleagues for the most part, but I do not believe that the residency and loitering conditions are facially overbroad. First, as the residency condition is concerned, Zara has not shown that the opportunity to live within "direct view" of distant schools or parks is a "substantial right." *See United States v. Joseph*, 716 F.3d 1273, 1277 (9th Cir. 2013) (on plain error review, we have discretion to address only those errors that "affect[] substantial rights"). Second, I read both the residency and loitering conditions to apply only to public parks and pools that are frequented by children. Construed in light of the conditions' purpose, I understand the phrase "primarily used by persons under the age of 18" to refer not only to "other places" but to all the specific locations listed, including "parks" and "public swimming pools." *See Barnhart v. Thomas*, 540 U.S. 20, 26 (2003) (noting that the rule of the last antecedent may be "overcome by other indicia of meaning"). For these reasons, I would affirm the district court's imposition of the residency and loitering conditions.