MEMORANDUM *
Dylan Josh Zara challenges six special conditions of supervised release imposed by the district court following his guilty plea to production of child pornography in violation of 18 U.S.C. § 2251(a), advertisement of child pornography in violation of 18 U.S.C. § 2251(d), distribution of child pornography in violation of 18 Ij.S.C. § 2252(a)(2), and possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). Because Zara did not object to the conditions in the district court, we review for plain error. See United States v. Phillips, 704 F.3d 754, 762 (9th Cir.2012). We affirm in part, vacate in part, and remand.
Zara argues the district court committed plain error when it imposed a supervised release condition prohibiting him from consuming alcohol. Due to Zara’s history of substance use, the district court did not plainly err in concluding that the condition is reasonably necessary to protect the public and rehabilitate Zara. See United States v. Sales, 476 F.3d 732, 735-36 (9th Cir.2007).
Zara ’further argues that a condition providing that he “shall not add, remove, upgrade, update, reinstall, repair, or otherwise modify the hardware or software on the computers, computer-related devices, or their peripheral equipment, nor shall [he] hide or encrypt files or data without prior approval of the Probation Officer” is overbroad. In United States v. Goddard, we upheld a similar condition after interpreting its language as excluding “routine or automatic” software upgrades. 537 F.3d 1087, 1093 (9th Cir.2008). We adopt the Goddard interpretation here and affirm the condition.
Zara next asserts that the special conditions restricting his access to sexually explicit materials are invalid under United States v. Cope, 527 F.3d 944 (9th Cir.2008). The district court did not plainly err in requiring Zara to obtain his probation officer’s permission before possessing materials depicting or describing sexually explicit conduct not involving children. See United States v. Bee, 162 F.3d 1232, 1235 (9th Cir.1998). The condition barring Zara from possessing materials depicting or describing child pornography contravenes *800 Cope, however, because it may prevent him from participating in sex offender treatment or collaterally attacking his conviction. Although this case differs slightly from Cope because Zara’s probation officer is tasked with “direct[ing]” his sex offender treatment, we nonetheless vacate the condition and remand for the district court to clarify that the condition does not prevent him from possessing materials approved by his probation officer.
Zara finally argues that the condition preventing him from residing “within direct view of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18” is both vague and overbroad. Contrary to Zara’s contention, neither the phrase “within direct view” nor the phrase “primarily used by persons under the age of 18” is so vague that “men of common intelligence must necessarily guess at its meaning and differ as to its application.” United States v. Hugs, 384 F.3d 762, 768 (9th Cir.2004) (quoting United States v. Loy, 237 F.3d 251, 262 (3d Cir.2001)).
However, the condition is overbroad in at least two ways. For example, it could prevent Zara from living in direct view of parks and public pools used primarily by adults. The condition could also prevent Zara from living within sight of places primarily used by children, even if he is so far away that he cannot see the children at the location. On appeal, the United States contends that the condition should he read as preventing Zara only from residing within direct view of parks and swimming pools primarily used by children, and then only if he can see the children using them.
The United States’s interpretation solves the condition’s overbreadth problem but arguably is contrary to its plain language. We therefore vacate and remand for the district court to rewrite the condition to comply with the United States’s interpretation. See Cope, 527 F.3d at 958 (“We ... cannot assume, as the government seems to suggest, ‘that [a condition of supervised release] will be interpreted contrary to its plain language.’ ” (quoting Sales, 476 F.3d at 737)).
For the same reason, we also vacate the condition preventing Zara from “frequenting], or loitering], within 100 feet of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18” so the district court may clarify that Zara is only restricted from frequenting parks and pools primarily used by minors.
AFFIRMED in part, VACATED in part and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.