**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 24 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10056 |
| Plaintiff-Appellee, | D.C. No. 3:13-cr-00753-EMC-1 |
| v. | |
| IVAN SPEED, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Submitted October 19, 2017[**]
San Francisco, California

Before: W. FLETCHER and TALLMAN, Circuit Judges, and HOYT,[***] District Judge.

Appellant Ivan Speed was convicted of selling cocaine base within 1,000 feet of a school and now appeals several conditions of supervised release imposed

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***] The Honorable Kenneth M. Hoyt, United States District Judge for the Southern District of Texas, sitting by designation.

by the district court. When a defendant does not object to conditions of supervised release in the district court, we review the imposition of conditions for plain error. *United States v. Jeremiah*, 493 F.3d 1042, 1046 (9th Cir. 2007). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

On appeal, Speed challenges the payment provision of his treatment requirements, a prohibition on alcohol consumption, and a ban on frequenting gambling establishments. We hold that the district court did not commit plain error by requiring Speed to contribute to the cost of treatment, subject to the discretion of his probation officer. *See United States v. Soltero*, 510 F.3d 858, 864–65 (9th Cir. 2007). Moreover, based on Speed's history of drug use and drug-related offenses, the district court's imposition of alcohol-related conditions was not plain error. *United States v. Sales*, 476 F.3d 732, 735–36 (9th Cir. 2007); *see also United States v. Vega*, 545 F.3d 743, 747 (9th Cir. 2008) ("[I]t is hardly a secret that there is a tie between drug abuse and alcohol abuse."). Lastly, the condition relating to frequenting gambling establishments is not vague or overbroad, and directly relates to Speed's rehabilitation. *United States v. Phillips*, 704 F.3d 754, 767–68 (9th Cir. 2012).

**AFFIRMED.**