**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50314 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 2:14-cr-00609-CAS-2 |
| CHUNG YU YEUNG, AKA Louis Yeung, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted November 14, 2018
Pasadena, California

Before: PAEZ, PARKER,** and CLIFTON, Circuit Judges.

Defendant-Appellant Chung Yu Yeung appeals his sentence following his

conviction of one count of conspiracy to commit bank fraud in violation of 18

U.S.C. §§ 1349 and 1344, and to four counts of aiding and abetting bank fraud in

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Barrington D. Parker, United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

violation of 18 U.S.C. §§ 1344 and 42. He challenges the special conditions of supervised release imposed by the district court. We affirm.

Yeung appeals three conditions of supervised release associated with computer usage, Conditions 8, 9, and 10. Yeung contends that these restrictions are not reasonable.

We have held that conditions that ban internet or computer use outright or prohibit computer use without permission from a probation officer were too restrictive. *See United States v. LaCoste*, 821 F.3d 1187, 1190–92 (9th Cir. 2016); *United States v. Barsumyan*, 517 F.3d 1154, 1160–62 (9th Cir. 2008); *United States v. Sales*, 476 F.3d 732, 737 (9th Cir. 2007). The conditions here were not similarly overbroad, however. Yeung was not required to ask permission before accessing a computer or the internet, only to inform the probation officer which computers or computer-related devices he was accessing. Similarly, though in some cases this court has held restrictive conditions on computer use to be too tangential to the charged crime, s*ee, e.g., Sales*, 476 F.3d at 737, that is not the situation here. Yeung used computers and the internet extensively in furtherance of his crimes and hid the company's computers and servers detailing the location of the company's inventory once the fraud had been discovered.

Yeung also argued that Condition 10 of supervised release was overbroad since the condition did not clarify whether the computer monitoring program applied to internet use only or also to general computer use. We have already concluded that a similar condition applied only to internet usage. *United States v. Quinzon*, 643 F.3d 1266, 1272–73 (9th Cir. 2011). Here, the government concedes that Condition 10 only applies to internet usage.

Consequently, we hold that the challenged conditions are consistent with the principles of 18 U.S.C. § 3553(a) of protecting the public from further harm and deterrence. *See United States v. Wolf Child*, 699 F.3d 1082, 1090 (9th Cir. 2012).

**AFFIRMED.**