NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 12 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10150 |
| Plaintiff-Appellee, | D.C. No. 1:18-cr-00233-DAD-SKO-1 |
| v. | |
| IVAN ISHO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted January 10, 2024[**]
San Francisco, California

Before: SILER,[***] CLIFTON, and M. SMITH, Circuit Judges.

Ivan Isho appeals his jury conviction and sentence for two counts of wire

fraud (18 U.S.C. § 1343), one count of false impersonation of a federal officer (18

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

U.S.C. § 912), and one count of stalking (18 U.S.C. § 2261A(2)(B)). Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 1294, and we affirm.

1. The district court did not err in providing its instructions on the federal stalking charge. Although Isho argues that the district court failed to include a "subjective intent to threaten" element in the jury instructions for federal stalking, the district court did in fact require the jury to find per its instructions that Isho subjectively had the intent to "kill, injure, harass, [or] intimidate" when making repeated contact with N.M. As such, the instructions contained a "mental-state element" that survives a First Amendment challenge, even if we assume without deciding, as we do here, that true-threats case law applied to these facts. *Counterman v. Colorado*, 600 U.S. 66, 73 (2023).

2. The district court did not err in requiring Isho, as a condition of supervised release, to obtain permission from his probation officer before using a cell phone. The condition of supervised release was neither overly broad nor violative of Isho's First Amendment rights. Isho used his cell phone to intimidate and contact N.M. hundreds of times a day; the prohibition therefore has a nexus with the underlying conviction. *See United States v. LaCoste*, 821 F.3d 1187, 1191 (9th Cir. 2016) ("A district judge undoubtedly has the authority to stop a defendant

2

from disparaging his victims through communications directed to the victims personally.")  Moreover, unlike the prohibitions in *LaCoste* and *United States v. Sales*, 476 F.3d 732, 734 (9th Cir. 2007), which completely banned a defendant's access to the *internet*, here Isho can still exercise his First Amendment rights by using a landline, desktop, or laptop to access the internet and communicate with others.  That the condition of supervised release restricts Isho's freedom to some degree by forbidding him from using the most *convenient* way to use the internet or contact people does not render it unreasonable.  *See United States v. Terrigno*, 838 F.2d 371, 374 (9th Cir. 1988) ("The mere fact that a condition restricts a probationer's freedom to perform otherwise lawful activities is not dispositive of the reasonableness of the condition.").

AFFIRMED.