NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 20 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff-Appellee,<br><br>DARIAN BENEVENTO,<br><br>           Defendant-Appellant. | No.   22-10307<br><br>D.C. No.<br>2:07-cr-00136-JAD-DJA-1<br><br><br>MEMORANDUM* |
| UNITED STATES OF AMERICA,<br><br>           Plaintiff-Appellee,<br><br>  v.<br><br>DARIAN BENEVENTO,<br><br>           Defendant-Appellant. | No.   22-10319<br><br>D.C. Nos.<br>2:21-cr-00155-JAD-BNW-1<br>2:21-cr-00155-JAD-BNW |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted May 16, 2024**
Phoenix, Arizona

Before:  GRABER, DESAI, and DE ALBA, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Defendant Darian Benevento timely appeals certain conditions of supervised release that the district court imposed when sentencing him for failing to register as a sex offender, in violation of 18 U.S.C. § 2250(a), and for violating the conditions of his supervised release in a separate case. We affirm in part, vacate in part, and remand.

Defendant argues that we should review de novo whether the challenged supervised release conditions "violate[ ] the Constitution." United States v. Aquino, 794 F.3d 1033, 1036 (9th Cir. 2015). The government urges us to review for plain error because Defendant failed to object to the conditions of supervised release in the district court. See United States v. Wolf Child, 699 F.3d 1082, 1089 (9th Cir. 2012) (stating standard). We need not decide which standard of review applies because our determinations are the same under either standard.

1. Our precedent requires a district court to pronounce orally the standard conditions of supervised release that it intends to impose, but that did not occur here. See United States v. Montoya, 82 F.4th 640, 644–45 (9th Cir. 2023) (en banc) (holding that "a district court must orally pronounce all discretionary conditions of supervised release, including those referred to as 'standard' in § 5D1.3(c) of the United States Sentencing Guidelines Manual"). We hold— and the parties agree—that remand is necessary for the district court to make the requisite oral pronouncement.

2. We also remand because the district court's oral pronouncement of Defendant's sentence in the failure-to-register case did not align with the written judgment, and "the oral pronouncement controls." United States v. Hernandez, 795 F.3d 1159, 1169 (9th Cir. 2015). On remand, the district court should make the written judgment in the failure-to-register case consistent with its oral sentence.

3. We vacate Special Condition 4 (mandating sex offender treatment), and Special Condition 9 (mandating mental health treatment). Those conditions should be reevaluated on remand in light of United States v. Nishida, 53 F.4th 1144 (9th Cir. 2022), which held that the court may not delegate to a nonjudicial officer "the power to decide the nature or extent of the punishment." Id. at 1155 (citation and internal quotation marks omitted). The parties also agree as to this issue. The district court should clarify the scope of authority delegated to the probation officer, consistent with our holding in Nishida.

4. The district court did not err in imposing Special Condition 5, which requires Defendant to submit to periodic polygraph testing. The condition does not infringe on Defendant's Fifth Amendment rights, because Defendant "retain[s] such rights during polygraph examinations." United States v. Daniels, 541 F.3d 915, 925 (9th Cir. 2008) (citing United States v. Stoterau, 524 F.3d 988, 1003–04 (9th Cir. 2008)).

5. Special Condition 6, which imposes a prohibition on pornography but

3

exempts materials necessary to, and used for, any future appeals or sex offender treatment, does not explicitly exempt materials necessary to prepare a collateral attack. We vacate and remand for the district court to amend the condition to address that deficiency. See United States v. Cope, 527 F.3d 944, 957–58 (9th Cir. 2008) (vacating and remanding to amend a similar condition to clarify that a defendant "may possess materials necessary to a collateral attack for the purposes of preparing a collateral attack").

6. Special Condition 8, which requires computer monitoring, is overbroad because it "gives no indication as to what kinds or degrees of monitoring are authorized—and, as courts have noted, monitoring software and/or hardware takes many forms, with greatly varying degrees of intrusiveness." United States v. Sales, 476 F.3d 732, 737–38 (9th Cir. 2007). We vacate and remand to the district court to narrow the condition so that it produces "no greater deprivation of liberty than is reasonably necessary." Id. at 737.

Although the district court need not "specify precisely what monitoring hardware or software, or other type of computer surveillance technology, should be used," United States v. Quinzon, 643 F.3d 1266, 1273 (9th Cir. 2011), it should tailor the condition to clarify "what kinds or degrees of monitoring are authorized," Sales, 476 F.3d at 737. We previously have approved of a condition that limits computer monitoring to a defendant's internet-related computer conduct, for

4

example.  Quinzon, 643 F.3d at 1272.  We decline the government's invitation to construe the appropriate limitations on the condition, because "the district court, in consultation with the probation officer, is better suited to the job of crafting adequate but not overly restrictive conditions of supervised release."  Sales, 476 F.3d at 738.

**AFFIRMED IN PART, VACATED IN PART, and REMANDED.**