NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-1254 |
| Plaintiff - Appellee, | D.C. No. 3:21-cr-00011-LRH-CSD-1 |
| v. | |
| RYAN THOMAS ELEY, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Argued and Submitted June 6, 2024
Pasadena, California

Before: CLIFTON and COLLINS, Circuit Judges, and RODRIGUEZ, District
Judge.[**]

Ryan Thomas Eley appeals from a sentence imposed under 18 U.S.C.

§ 2252A(a)(2) and (b)(1) for receipt of child pornography. After Eley pled guilty,

the district court imposed a below-guidelines prison sentence accompanied with a

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.
[**]    The Honorable Xavier Rodriguez, United States District Judge for the
Western District of Texas, sitting by designation.

lifetime term of supervised release. The district court imposed additional special conditions related to Eley's offense, but did not orally pronounce the standard conditions of supervised release. We have jurisdiction under 28 U.S.C. § 1291. We affirm in part, vacate in part, and remand.

The government concedes that remand is appropriate for the district court to revisit Special Conditions 10,[1] 11, and 12.[2] On remand, the district court will be required to orally pronounce the standard conditions of supervised release. *United States v. Montoya*, 82 F.4th 640, 656 (9th Cir. 2023) (en banc).

Eley's other contentions lack merit. He first asserts that Special Conditions 14 and 16, both of which relate to computer monitoring, are unconstitutionally vague.[3] *United States v. Sales*, 476 F.3d 732, 737-38 (9th Cir. 2007). Eley did not

---

[1] When assessing Special Condition 10, the district court should consider our recent decision in *United States v. Knight*, No. 23-962, __ F.4th ____ (9th Cir. December 4, 2024).

[2] If the district court decides that Eley must undergo inpatient treatment, it should consider whether there should be a limit on the maximum duration of such court-imposed treatment, given Eley's indefinite term of supervised release. *Cf. United States v. Nishida*, 53 F.4th 1144, 1151 (9th Cir. 2022) (not imposing a time limit because "the probation officer's authority is necessarily cabined in by the defined duration of supervision" of five years); *United States v. Taylor*, 78 F.4th 1132, 1137-38 (9th Cir. 2023) (inpatient treatment condition "did not give the probation officer unbridled discretion" in part because "the period of inpatient treatment was to be no more than one year").

[3] Special Condition 14 requires Eley to submit any computer that is "capable of accessing, [producing], [disseminating], or storing any 'visual depiction' . . . of 'sexually explicit conduct' . . . to the installation of computer monitoring software by the probation officer." Special Condition 16 requires that he "allow the probation officer to conduct periodic, unannounced searches of any computers . . .

challenge those conditions below, so his assertions are subject to plain error review. *United States v. Nishida*, 53 F.4th 1144, 1150 (9th Cir. 2022).

We have held that computer monitoring conditions are unconstitutionally vague when they provide no indication of what data is to be monitored. *Sales*, 476 F.3d at 737-38. By contrast, Special Condition 16 makes clear that monitoring is "for the purposes of determining whether the computer contains any prohibited data," clearly referring to the "sexually explicit" content discussed in Special Condition 14. *See United States v. Quinzon*, 643 F.3d 1266, 1272 (9th Cir. 2011) (interpreting computer monitoring conditions narrowly based on limiting language in other conditions). Both conditions therefore appear to solely permit monitoring of, and searches for, sexually explicit content.[4] As such conditions are sufficiently tailored to Eley's transgressions, he fails to establish that the district court plainly erred in imposing them. *Nishida*, 53 F.4th at 1150.

---

subject to computer monitoring . . . for the purposes of determining whether the computer contains any prohibited data prior to installation of the monitoring software" and ensuring the monitoring is functioning without impediment.

[4] Eley separately asserts that Special Condition 16's requirement that he "warn any other people who use these computers that the computers may be subject to searches" is unconstitutionally vague. Warning requirements are only vague when the underlying monitoring conditions fail to clearly indicate what devices are subject to them. *See United States v. Lupold*, 806 F. App'x 522, 526 (9th Cir. 2020); *United States v. Hofus*, 818 F. App'x 776, 778 (9th Cir. 2020). As Special Condition 14 clearly specifies which devices are subject to the monitoring requirements, the warning requirement is not vague.

Finally, the district court did not abuse its discretion in following the Sentencing Guidelines recommendation and imposing a lifetime term of supervised release for Eley's offense. *See United States v. Apodaca*, 641 F.3d 1077, 1082 (9th Cir. 2011); U.S.S.G. § 5D1.2. The 18 U.S.C. § 3553(a) factors weigh against Eley: he had an admittedly long history of sexual interest in children and a sizable library of child pornography, including images of a violent nature. While Eley argues that the district court's downward departure on his prison sentence is inconsistent with imposing a lifetime term of supervised release, the court clearly stated that the lifetime term was an "insurance policy" against the shorter sentence it was imposing. *See Apodaca*, 641 F.3d at 1082 (confirming that courts are allowed to apply such reasoning).

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**